**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| MULTIFOLD INTERNATIONAL INCORPORATED PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Multifold International Incorporated Pte. Ltd. ("Multifold") files this Complaint for patent infringement pursuant to 35 U.S.C. §§ 100 *et seq.* against Google LLC ("Google" or "Defendant"), for infringement of U.S. Patent Nos. 8,836,842 ("the '842 Patent"), 8,881,053 ("the '053 Patent"), 9,134,756 ("the '756 Patent), 9,310,834 ("the Selim '834 Patent"), 8,854,834 ("the O'Connor '834 Patent"), 9,665,126 ("the '126 Patent"), 8,842,080 ("the '080 Patent"), 9,727,205 ("the '205 Patent"), 9,058,153 ("the '153 Patent"), 8,875,050 ("the '050 Patent"), 9,792,007 ("the '007 Patent"), 9,141,135 ("the '135 Patent"), 8,832,577 ("the '577 Patent"), 9,146,589 ("the '589 Patent"), 9,158,494 ("the '494 Patent"), and 9,195,335 ("the '335 Patent"; collectively with the '842, '053, '756, Selim '834, O'Connor '834, '126, '080, '205, '153, '050, '007, '135, '577, '589, and '494 Patents, "the Asserted Patents") and alleges as follows:

**I. THE PARTIES**

1.    Multifold is a corporation organized under the laws of Singapore, having a place of business at 160 Robinson Road, #24-09, SBF Center, Singapore, 068914.

2.    Multifold is the sole and exclusive rightful owner of the Asserted Patents and holds,

*inter alia*, the sole and exclusive right to sue and collect damages for past infringement.

3. Upon information and belief, Google LLC is a limited liability company organized under the laws of Delaware, having a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043. Google may be served with process through its registered agent, Corporation Service Company, 25 Little Falls Drive, Wilmington, DE 19808.

4. Google designs, manufactures, and provides to the United States and other markets a wide variety of products and services, including consumer electronics, mobile phones, handheld devices, tablets, and other electronic devices.

5. Upon information and belief, Google is a wholly-owned subsidiary of Alphabet Inc. and is responsible for domestic distribution of Google's consumer electronics products, including the products accused of infringement herein.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Google. Google is incorporated in Delaware. Moreover, Google has conducted and continues to regularly conduct business within the State of Delaware and this District. Google has purposefully and voluntarily availed itself of the privileges of conducting business in the United States, the State of Delaware, and this District by continuously and systematically placing goods into the stream of commerce through an established distribution channel with the expectation that they will be purchased by consumers in this District. Google directly and/or through intermediaries (including distributors, sales agents, and others), ships, distributes, sells, offers to sell, imports, advertises, makes, and/or uses its products (including but not limited to the products accused of infringement herein) in the United

2

States, the State of Delaware, and this District. Google has committed and continues to commit, has contributed to and continues to contribute to, and has induced and continues to induce, acts of infringement of the Asserted Patents in this District. On information and belief, Google has previously submitted to the jurisdiction of this Court.

8.      Venue is proper in this District as to Google pursuant to 28 U.S.C. § 1400(b) because Google is incorporated in and resides in this District and has committed acts of infringement in this District.

### III. THE PATENTS-IN-SUIT

9.      The '842 Patent, entitled "CAPTURE MODE OUTWARD FACING MODES," was lawfully issued by the United States Patent and Trademark Office on September 16, 2014. A true and correct copy of the '842 Patent is attached as **Exhibit A**.

10.     The '842 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11.     Multifold is the owner, by assignment, of the '842 Patent.

12.     The '053 Patent, entitled "MODAL LAUNCHING," was lawfully issued by the United States Patent and Trademark Office on November 4, 2014. A true and correct copy of the '053 Patent is attached as **Exhibit B**.

13.     The '053 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14.     Multifold is the owner, by assignment, of the '053 Patent.

15.     The '756 Patent, entitled "DUAL SCREEN APPLICATION VISUAL INDICATOR," was lawfully issued by the United States Patent and Trademark Office on September 15, 2015. A true and correct copy of the '756 Patent is attached as **Exhibit C**.

16.     The '756 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

17.     Multifold is the owner, by assignment, of the '756 Patent.

18.     The Selim '834 Patent, entitled "FULL SCREEN MODE," was lawfully issued by the United States Patent and Trademark Office on April 12, 2016. A true and correct copy of the Selim '834 Patent is attached as **Exhibit D**.

19.     The Selim '834 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

20.     Multifold is the owner, by assignment, of the Selim '834 Patent.

21.     The O'Connor '834 Patent, entitled "DUAL SCREEN FOLDING DISPLAY HINGE," was lawfully issued by the United States Patent and Trademark Office on October 7, 2014. A true and correct copy of the O'Connor '834 Patent is attached as **Exhibit E**.

22.     The O'Connor '834 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

23.     Multifold is the owner, by assignment, of the O'Connor '834 Patent.

24.     The '126 Patent entitled "DUAL SCREEN FOLDING DISPLAY HINGE," was lawfully issued by the United States Patent and Trademark Office on May 30, 2017. A true and correct copy of the '126 Patent is attached as **Exhibit F**.

25.     The '126 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26.     Multifold is the owner, by assignment, of the '126 Patent.

27.     The '080 Patent, entitled "USER INTERFACE WITH SCREEN SPANNING ICON MORPHING," was lawfully issued by the United States Patent and Trademark Office on

ME1 46769090v.1

September 23, 2014. A true and correct copy of the '080 Patent is attached as **Exhibit G**.

28.     The '080 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

29.     Multifold is the owner, by assignment, of the '080 Patent.

30.     The '205 Patent, entitled "USER INTERFACE WITH SCREEN SPANNING ICON MORPHING," was lawfully issued by the United States Patent and Trademark Office on August 8, 2017. A true and correct copy of the '205 Patent is attached as **Exhibit H**.

31.     The '205 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

32.     Multifold is the owner, by assignment, of the '205 Patent.

33.     The '153 Patent, entitled "MINIMIZING APPLICATION WINDOWS," was lawfully issued by the United States Patent and Trademark Office on June 16, 2015. A true and correct copy of the '153 Patent is attached as **Exhibit I**.

34.     The '153 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

35.     Multifold is the owner, by assignment, of the '153 Patent.

36.     The '050 Patent, entitled "FOCUS CHANGE UPON APPLICATION LAUNCH," was lawfully issued by the United States Patent and Trademark Office on October 28, 2014. A true and correct copy of the '050 Patent is attached as **Exhibit J**.

37.     The '050 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

38.     Multifold is the owner, by assignment, of the '050 Patent.

39.     The '007 Patent, entitled "FOCUS CHANGE UPON APPLICATION LAUNCH,"

5

was lawfully issued by the United States Patent and Trademark Office on October 17, 2017. A true and correct copy of the '007 Patent is attached as **Exhibit K**.

40.    The '007 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

41.    Multifold is the owner, by assignment, of the '007 Patent.

42.    The '135 Patent, entitled "FULL-SCREEN ANNUNCIATOR," was lawfully issued by the United States Patent and Trademark Office on September 22, 2015. A true and correct copy of the '135 Patent is attached as **Exhibit L**.

43.    The '135 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

44.    Multifold is the owner, by assignment, of the '135 Patent.

45.    The '577 Patent, entitled "UNIVERSAL CLIPBOARD," was lawfully issued by the United States Patent and Trademark Office on September 9, 2014. A true and correct copy of the '577 Patent is attached as **Exhibit M**.

46.    The '577 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

47.    Multifold is the owner, by assignment, of the '577 Patent.

48.    The '589 Patent, entitled "IMAGE CAPTURE DURING DEVICE ROTATION," was lawfully issued by the United States Patent and Trademark Office on September 29, 2015. A true and correct copy of the '589 Patent is attached as **Exhibit N**.

49.    The '589 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

50.    Multifold is the owner, by assignment, of the '589 Patent.

ME1 46769090v.1

51.     The '494 Patent, entitled "MINIMIZING AND MAXIMIZING BETWEEN PORTRAIT DUAL DISPLAY AND PORTRAIT SINGLE DISPLAY," was lawfully issued by the United States Patent and Trademark Office on October 13, 2015. A true and correct copy of the '494 Patent is attached as **Exhibit O.**

52.     The '494 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

53.     Multifold is the owner, by assignment, of the '494 Patent.

54.     The '335 Patent, entitled "MODAL LAUNCHING," was lawfully issued by the United States Patent and Trademark Office on November 24, 2015. A true and correct copy of the '335 Patent is attached as **Exhibit P**.

55.     The '335 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

56.     Multifold is the owner, by assignment, of the '335 Patent.

57.     Multifold asserts and alleges that Google has infringed and continues to infringe at least one claim of each of the '842, '053, '756, Selim '834, O'Connor '834, '126, '080, '205, '153, '050, '007, '135, '577, '589, '494, and '335 Patents.

## IV. FACTUAL ALLEGATIONS

### Introduction

58.     Flextronics International Ltd, now Flex Ltd, (collectively, "Flex") launched its Imerj project in 2009 to design an industry-first foldable smartphone.

59.     The Imerj foldable smartphone debuted in 2011 to positive press, and is now recognized as a pioneer in the foldable smartphone industry.

60.     Upon information and belief, Google was aware of the Imerj foldable smartphone

ME1 46769090v.1

and the positive press that accompanied its launch.

61.     Stemming from the Imerj project, Flex applied for and was granted dozens of patents that relate to foldable smartphone technologies and the benefits derived therein, including the Asserted Patents.

62.     Flex subsequently assigned the Asserted Patents to Multifold.

63.     To the extent necessary, Multifold has complied with all applicable requirements of 35 U.S.C. § 287 at all relevant times for each of the Asserted Patents. To the extent necessary, on information and belief, each prior owner of the Asserted Patents has complied with all applicable requirements of 35 U.S.C. § 287 at all relevant times for each of the Asserted Patents.

**Foldable Smartphones, User Interfaces for Smartphones, and the Asserted Patents**

64.     Foldable smartphones allow for multiple benefits over conventional smartphones that cannot fold. For example, one improvement is that a user is able to use a much larger screen, while still enjoying a smaller size when the device is closed that is comparable to the size of a smartphone that cannot fold. Additionally, a user may be able to take advantage of multiple screens, including those on the inside of the smartphone when it is opened, and those on the outside when it is closed. Further, the larger overall amount of screen space also allows for variations in the use and design of applications over conventional smartphones. For example, multiple full-sized applications can be shown at once over the screens, improving the ability to multitask.

65.     However, for users to take advantage of and realize these benefits, foldable smartphones require improved user interfaces and structures that enable these benefits. For example, foldable smartphones that do not have user interfaces and/or structures that allow users to effectively take advantage of the increased amount of screen space and ability to place the smartphone in different physical configurations may not provide the same benefits to users.

ME1 46769090v.1

66.    The Asserted Patents describe and claim novel inventions that improve the usability and versatility of foldable smartphones, as well as other smartphones that leverage multiple displays, to provide at least the foregoing benefits to users. The inventions of the Asserted Patents are critically important for foldable smartphones (as well as other smartphones that leverage multiple displays), including the smartphones provided by Google which incorporate the patented technology, as they enable the foregoing benefits of such smartphones, and allow for more efficient, versatile, and productive use of such smartphones by users.

67.    For example, the '842, '053, '756, Selim '834, '080, '205, '153, '050, '007, '135, '577, '589, '494, and '335 Patents are directed to specific, unconventional manners of configuring user interfaces that improve the capabilities of foldable smartphones and other smartphones that leverage multiple displays. Implementation of the inventions of these patents improves the manner in which users can interact with such smartphones, resulting in more efficient, productive, and versatile use of them. These inventions cover specific improvements for smartphones that go beyond what was well-understood, routine, and conventional. For example, these patents explain that "[t]he small form factor" of handheld computing devices such as smartphones "results in a tension between the displayed graphics and area provided for receiving inputs" and thus "requires a careful balancing between the displayed graphics and the area provided for receiving inputs." *See, e.g.,* '080 Patent at 2:5-9; '756 Patent at 1:33-35. The patents further explain that "[t]his balancing act is particularly difficult for single display touch screen devices" and "[t]his problem is exacerbated in several key situations when complex interaction between display and interface is required, such as when manipulating layers on maps, playing a game, or modifying data received from a scientific application." *See, e.g.,* '080 Patent at 2:25-29; '756 Patent at 1:42-48. Consequently, these patents explain that "[t]here is a need for a dual multi-display handheld

computing device that provides for enhanced power and/or versatility compared to conventional single display handheld computing devices." *See, e.g.*, '756 Patent at 1:52-55. To address this need, these patents describe and claim inventions that provide novel, specific user interface improvements for unconventional devices (*i.e.*, smartphones that leverage multiple displays, including foldable smartphones) that improve on the drawbacks of conventional user interfaces for conventional devices.

68.    The O'Connor '834 and '126 Patents are directed to specific, unconventional device structures related to foldable devices that improve the capabilities of such devices. The inventions of these patents cover, *inter alia*, improvements to such devices that allow them to be placed in different physical configurations, resulting in more efficient, productive, and versatile use of the devices. These inventions cover specific improvements for foldable devices that go beyond what was well-understood, routine, and conventional. For example, these patents explain that conventional folding devices had a "protruding hinge between the screen, which results in discontinuities between the screens" and "the screens of the typical devices are often designed to be folded inward in a standby or resting mode, which does not allow the screens to be viewed when the devices are set to those modes." *See, e.g.*, O'Connor '834 Patent at 1:23-29. The patents further explain that "none of these typical designs are capable of providing a continuous viewing experience of an expanded screen." *See, e.g.*, O'Connor '834 Patent at 1:42-45. Thus, these patents describe and claim inventions that provide novel, specific structural improvements for folding devices that improve on the drawbacks of conventional devices.

## The Accused Products and Google's Acts of Infringement

69.    Google has developed, manufactured, used, sold, and/or offered for sale in the United States, and/or imported into the United States, and continues to develop, manufacture, use,

sell, and/or offer for sale in the United States, and/or import into the United States, several models of smartphones. These smartphones include foldable smartphones and non-foldable smartphones (referred to herein as "flat" smartphones).

70.    For example, Google has sold or offered for sale foldable smartphones in the United States, including the Pixel Fold. On information and belief, Google's foldable smartphones, and all other products and models with infringing features or functionality, whether marketed under similar or different trade names, (collectively, "Accused Foldable Smartphone Products") infringe the Asserted Patents. Further, on information and belief, Google is developing and/or intends to sell and market additional models of foldable smartphones in the United States, including newer versions of the Pixel Fold.

71.    Additionally, Google has sold or offered for sale flat smartphones in the United States, including the Pixel 8, Pixel 8 Pro, Pixel 7, Pixel 7 Pro, Pixel 7a, Pixel 6, Pixel 6 Pro, Pixel 6a, Pixel 5, and Pixel 5a. On information and belief, these models of flat smartphones, and all other products and models with infringing features or functionality, whether marketed under similar or different trade names, (collectively, "Accused Flat Smartphone Products"; collectively with Accused Foldable Smartphone Products, "Accused Products") infringe the Asserted Patents. Further, on information and belief, Google is developing and/or intends to sell and market additional models of flat smartphones in the United States, including newer versions of the Pixel.

72.    Google has made, used, sold, offered to sell and/or imported infringing products, including the Accused Products, in the United States, and continues to do so.

73.    By doing so, Google has directly infringed, and continues to directly infringe, the Asserted Patents.

74.    Google has engaged and continues to engage in a pattern of conduct intended to

11

induce and/or contribute to the infringement of others, such as its customers and end-users. These actions have included and include making, selling, offering to sell, and/or importing products that infringe the Asserted Patents.

75.    Through its actions, Google induces and/or contributes to the infringement of the Asserted Patents, and thus indirectly infringes the Asserted Patents.

76.    There is an actual, substantial, and continuing justiciable controversy between Multifold and Google regarding Google's infringement of the Asserted Patents. Absent a judgment from this Court, Google will continue to infringe the Asserted Patents and continue to cause damage to Multifold.

77.    Despite being aware and having knowledge of Multifold's patents—including the Asserted Patents—and recognizing the value and benefits of Multifold's patented technology, Google has engaged, and continues to engage, in behavior that it knew or should have known had a high likelihood of infringing the Asserted Patents, including by incorporating Multifold's technology into the Accused Products.

78.    Upon information and belief, Google had actual knowledge of the Asserted Patents prior to the filing of this Complaint.

79.    For example, on June 8, 2023—prior to filing this Complaint—Multifold sent a letter to Google stating that Google's foldable phone and smartphone products infringe at least the Asserted Patents. In its letter, Multifold specifically identified Google's Pixel Fold product as infringing at least claim 1 of each of the Asserted Patents.

80.    Further, upon information and belief, Google was and is aware of Flex's patents arising from the Imerj project, and was or should have been aware of each of the Asserted Patents, at least because, upon information and belief, Google was both developing technology and

12

applying for patents in the same fields as Imerj's foldable smartphone and the Asserted Patents.

81.     Further, upon information and belief, in the course of developing technology and applying for patents in the same fields as Imerj's foldable smartphone and the Asserted Patents, Google routinely monitored patents, patent applications, and non-patent literature related to those fields and related to Imerj's foldable smartphone and the positive press associated with the same, including the Asserted Patents.

82.     Upon information and belief, Google was aware of or should have been aware of the Asserted Patents, at least because they relate to the same field of subject matter as other of Flex's patents of which Google was aware and which were cited during prosecution of Google's patents, and because in the course of developing technology and applying for patents in the same fields as Imerj's foldable smartphone and the Asserted Patents, Google routinely monitored patents, patent applications, and non-patent literature related to those fields and related to Imerj's foldable smartphone and the positive press associated with the same, including the Asserted Patents.

83.     Although Google has had knowledge of or should have had knowledge of the Asserted Patents, at least for the reasons explained above and in any event through the filing or service of this Complaint, as well as the value of and benefits of the technology claimed by the Asserted Patents, Google has engaged, and continues to engage, in behavior that, as a large technology company, it knew or should have known had a high likelihood of infringing the Asserted Patents, including by incorporating Multifold's patented technology into the Accused Products. To the extent Google, as a large technology company, failed to investigate its infringement upon learning of the Asserted Patents, Google has been willfully blind.

84.     Google's infringement of each Asserted Patent is willful. Google continues to

commit acts of infringement despite awareness of the Asserted Patents and a high likelihood that its actions constitute infringement, and Google knew or should have known that its actions constituted an unjustifiably high risk of infringement, at least because of, upon information and belief, Google's familiarity with the Asserted Patents and the fields to which they relate (including the fields to which Google's Accused Products relate) as part of its development of the Accused Products, and its monitoring of the Imerj foldable smartphone project, press related thereto, and patents issuing therefrom.

85.    Google's acts of infringement have been willful as of the date it became aware of the patented technology/invention(s) and/or the Asserted Patents, and in any event no later than the filing of this Complaint for patent infringement and/or the date this Complaint for patent infringement was served on Google.

### V. COUNT ONE - (INFRINGEMENT OF U.S. PATENT NO. 8,836,842)

86.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

87.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '842 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[1]

88.    Claim 1 of the '842 Patent, for example, recites:

A method, comprising:

providing a device having at least first and second screens;

---

[1] The identification of infringed claims for the '842 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '842 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

ME1 46769090v.1

receiving user interface input to execute an image capture function;

determining one or more of an image capture function configuration, a device orientation, and a device state; and

based on one or more of the image capture function configuration, the device orientation, and the device state, entering one of one or more image capture modes, wherein in each image capture mode a display on the first or second screen is different.

89.    By way of example, and without limitation, Google has directly infringed the '842 Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

90.    For example, the Accused Foldable Smartphone Products, on information and belief, have at least a first inner screen that includes a gesture capture region by which the device can sense or detect a user gesture. *See, e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (showing gesture capture regions on device screens) (last accessed November 17, 2023). The Accused Foldable Smartphone Products also have a second outer screen that faces the opposite direction of the first inner screen when the device is closed, and an image capture (*i.e.*, camera) lens that is associated with the second screen. *See, e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (showing a second screen that faces the opposite direction of a first inner screen, and a camera that is associated with at least the second screen) (last accessed November 17, 2023). The Accused Foldable Smartphone Products also have a memory (*e.g.*, onboard RAM) and a processor. *See, e.g.*, https://store.google.com/product/pixel_8?hl=en-US (referring to Google Tensor G2 processor) (last accessed November 17, 2023). On information and belief, the processor enables the Accused Foldable Smartphone Products to: (i) receive input from a user of the phone to open a camera application, (ii) determine a configuration for the camera application, the Accused Foldable Smartphone Product's orientation (*e.g.*, in landscape or portrait), and the Accused Foldable

15

Smartphone Product's state (*e.g.*, open, closed, or folded), and (iii) based on one or more of these determinations, enter different camera application modes, wherein in each mode the camera application displays differently on the first or second screen. *See, e.g.,* https://store.google.com/us/product/pixel_fold?hl=en-US (showing camera application displaying differently on a first and second screen of a device based on the state of the device) (last accessed November 17, 2023).

91.    Each of the steps of claim 1 of the '842 Patent, as well as each step of the other infringed method claims of the '842 Patent, are performed directly by Google. Through at least its design and development of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Foldable Smartphone Products.

92.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design and development of the Accused Foldable Smartphone Products.

93.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '842 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby

16

including the Accused Foldable Smartphone Products, within the United States and within this District.

94.     In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '842 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '842 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products.     *See,     e.g.,*     https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=13557876; https://www.youtube.com/@madebygoogle/videos.

95.     Upon information and belief, and as described above, Google has had actual knowledge of the '842 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '842 Patent.

96.     In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of

the '842 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the '842 Patent, that constitute a material part of the invention(s) claimed in the '842 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '842 Patent.

97.     As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '842 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

98.     Upon information and belief, as set forth in detail above, Google's infringement of the '842 Patent has been willful.

## VI. COUNT TWO - (INFRINGEMENT OF U.S. PATENT NO. 8,881,053)

99.     Multifold realleges and incorporates by reference each of the preceding paragraphs.

100.     Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '053 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[2]

101.     Claim 1 of the '053 Patent, for example, recites:

---

[2] The identification of infringed claims for the '053 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '053 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

A method, comprising:

displaying a window of a multi-screen application on at least a portion of a first display of a first screen and at least a portion of a second display of a second screen;

receiving input that result in launching a modal window;

in response to the input, displaying, on a selected one of the first display or the second display, a modal window; and

wherein the window of the multi-screen application is minimized to be displayed on the non-selected one of the first display or the second display.

102.    By way of example, and without limitation, Google has directly infringed the '053 Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

103.    For example, the Accused Foldable Smartphone Products, on information and belief, can display a window of a multi-screen application (*e.g.,* the YouTube application) on at least a portion of both a first display of a first screen, and a second display of a second screen. With the multi-screen application open, a user of the Accused Foldable Smartphone Products can then input to launch a modal window (*i.e.*, a child window) of the multi-screen application (*e.g.,* the video controls of the YouTube application). On information and belief, when the modal window is opened, the Accused Foldable Smartphone Products can display the modal window on either the first screen or the second screen, and then automatically minimize the multi-screen window to the screen that is not occupied by the modal window.

104.    Each of the steps of claim 1 of the '053 Patent, as well as each step of the other infringed method claims of the '053 Patent, are performed directly by Google. Through at least its design and development of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the

Accused Foldable Smartphone Products.

105.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design and development of the Accused Foldable Smartphone Products.

106.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '053 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Foldable Smartphone Products, within the United States and within this District.

107.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '053 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to perform and/or use the claimed methods and

systems of the '053 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products.    *See,    e.g.,*    https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=13557876; https://www.youtube.com/@madebygoogle/videos.

108.    Upon information and belief, and as described above, Google has had actual knowledge of the '053 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '053 Patent.

109.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '053 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the '053 Patent, that constitute a material part of the invention(s) claimed in the '053 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '053 Patent.

110.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '053 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

111.    Upon information and belief, Google's infringement of the '053 Patent has been willful.

### VII. COUNT THREE - (INFRINGEMENT OF U.S. PATENT NO. 9,134,756)

112.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

113.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '756 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[3]

114.    Claim 1 of the '756 Patent, for example, recites:

A method of displaying a plurality of desktops and/or applications, each having at least one window, on a multi-display device, comprising:

receiving, by a processor, a first input that represents an instruction to reveal one of a desktop or application on a first display of the multi-display device;

selecting, by the processor, a first desktop or application to display on the first display;

receiving, by the processor, a second input that represents an instruction to reveal one of a desktop or application on a second display of the multi-display device;

selecting, by the processor, a second desktop or application to display on the second display;

displaying, by the processor, the selected first and second desktops or applications on the first and second displays;

receiving, by the processor, a third input that represents an instruction to maximize a selected one of the first or second desktops or applications resulting in the selected one being displayed on both of the first and second displays; and

displaying, by the processor, the selected one of the first or second desktops or

---

[3] The identification of infringed claims for the '756 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '756 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

applications in a maximized condition.

115.    By way of example, and without limitation, Google has directly infringed the '756 Patent, and continues to do so, by providing the Accused Products, including the Accused Foldable Smartphone Products and Accused Flat Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

116.    The Accused Foldable Smartphone Products perform a method of displaying a plurality of desktops and/or applications, each with at least one window, on a multi-display device. For example, the Accused Foldable Smartphone Products can display a window of one application on one display of the device and a window of another application on a second display of the device. *See, e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (depicting displaying different applications on a plurality of displays on a multi-display device) (last accessed November 17, 2023). The Accused Foldable Smartphone Products have processors that can receive inputs from users, and execute instructions in response to such inputs, including input to reveal an application on a display of the device. *See, e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (referring to Google Tensor G2 processor and user interaction with device) (last accessed November 17, 2023). In response to such user input, which can include a first and second input from a user, the processors of the Accused Foldable Smartphone Products select one or more applications to display on one or more displays and display the one or more applications on one or more displays. *See, e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (depicting displaying a first application on a first display and a second application on a second display on a multi-display device) (last accessed November 17, 2023). The Accused Foldable Smartphone Products have processors that can receive inputs from users, and execute instructions in response to such inputs, including input to maximize a selected application so that it is displayed on both of at least two displays in a maximized condition. *See, e.g.*,

23

https://store.google.com/us/product/pixel_fold?hl=en-US (depicting a vertical divider between applications that a user can interact with to provide input to maximize an application) (last accessed November 17, 2023).

117.    Additionally, the Accused Flat Smartphone Products perform a method of displaying a plurality of desktops and/or applications, each with at least one window, on a multi-display device. For example, the Accused Flat Smartphone Products can display a window of one application on one display of the device and a window of another application on a second display of the device. *See, e.g.*, https://www.youtube.com/watch?v=BbYFU4Rm_kc (depicting displaying different applications on a plurality of displays on a multi-display device). The Accused Flat Smartphone Products have processors that can receive inputs from users, and execute instructions in response to such inputs, including input to reveal an application on a display of the device. *See, e.g.*, https://store.google.com/product/pixel_8?hl=en-US (referring to Google Tensor G3 processor and user interaction with device) (last accessed November 17, 2023). In response to such user input, which can include a first and second input from a user, the processors of the Accused Flat Smartphone Products select one or more applications to display on one or more displays and display the one or more applications on one or more displays. *See, e.g.*, https://www.youtube.com/watch?v=BbYFU4Rm_kc (depicting displaying a first application on a first display and a second application on a second display on a multi-display device) (last accessed November 17, 2023). The Accused Flat Smartphone Products have processors that can receive inputs from users, and execute instructions in response to such inputs, including input to maximize a selected application so that it is displayed on both of at least two displays in a maximized condition. *See, e.g.*, https://www.youtube.com/watch?v=BbYFU4Rm_kc (depicting a horizontal divider between applications that a user can interact with to provide input to maximize an

24

application) (last accessed November 17, 2023).

118.    Each of the steps of claim 1 of the '756 Patent, as well as each step of the other infringed method claims of the '756 Patent, are performed directly by Google. Through at least its design and development of the Accused Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Products.

119.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Products, including at least via Google's design and development of the Accused Products.

120.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '756 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Products, within the United States and within this District.

121.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '756 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Google lists Accused Products for sale on its

website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '756 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Products, touts the benefits of the Accused Products, and encourages the use of the Accused Products. *See, e.g.,* https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=7078250; https://www.youtube.com/@madebygoogle/videos.

122.    Upon information and belief, and as described above, Google has had actual knowledge of the '756 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '756 Patent.

123.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '756 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '756 Patent, that constitute a material part of the invention(s) claimed in the '756 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '756 Patent.

124.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '756 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

125.    Upon information and belief, as set forth in detail above, Google's infringement of the '756 Patent has been willful.

## VIII. COUNT FOUR - (INFRINGEMENT OF U.S. PATENT NO. 9,310,834)

126.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

127.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the Selim '834 Patent including, without limitation, at least claim 15, in this District and elsewhere in Delaware and the United States.[4]

128.    Claim 15 of the Selim '834 Patent, for example, recites:

A method of presenting media on a portable device having two screens, the method comprising:

1. selectively displaying media, a status bar, and an action bar across at least one of first touch sensitive display, a second touch sensitive display, and a contiguous touch sensitive display formed by the first touch sensitive display and the second touch sensitive display, wherein the status bar includes indicators of operation of the portable device and status of any application running on the portable device;

2. dismissing the status bar and action bar upon a prompt, such that the media is displayed across an entirety of at least one of first touch sensitive display, a second touch sensitive display, and a contiguous touch sensitive display; and

3. display an overlay control on at least one of the first touch sensitive screen, the second touch sensitive screen, and the single contiguous display, wherein actuation of the overlay control prompts the processing means to dismiss a full screen mode and re-introduce the status bar and the action bar while the media is still displayed across the entirety of the first touch sensitive screen and the entirety of the second touch sensitive screen as the single contiguous display.

129.    By way of example, and without limitation, Google has directly infringed the Selim

---

[4] The identification of infringed claims for the Selim '834 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the Selim '834 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

ME1 46769090v.1

'834 Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 15.

130.    For example, the Accused Foldable Smartphone Products, on information and belief, have at least two touch sensitive screens that form a contiguous touch sensitive display when the device is open. *See, e.g.,* https://store.google.com/us/product/pixel_fold?hl=en-US (depicting a single continuous display formed by the first and second touch sensitive screens when the device is set into an open position) (last accessed November 17, 2023). On information and belief, the Accused Foldable Smartphone Products can selectively display media, such as an application or video, an action bar (*e.g.*, a navigation bar on Google products), and a status bar, (*e.g.*, a notification bar on Google products), across at least one of the first display, second display, and the contiguous display, with the status bar including indicators of operation of the device and information about the status of applications running on the device (*e.g.*, battery life, connectivity status (such as Wi-Fi or 5G service), and messaging status (such as for emails or texts)). On information and belief, the user can provide input (*e.g.*, by entering full screen mode for video) to dismiss the status and action bar, such that the media is then maximized across the entirety of at least one of the first touch sensitive screen, second touch sensitive screen, and the single contiguous display. On information and belief, an overlay control can be displayed by the device (*e.g.*, by a user pressing a screen), which when pressed by a user, will dismiss the full-screened media and re-display the action and status bars while the media is still displayed across the entirety of the first touch sensitive screen and the entirety of the second touch sensitive screen as the single contiguous display.

131.    Each of the steps of claim 15 of the Selim '834 Patent, as well as each step of the other infringed method claims of the Selim '834 Patent, are performed directly by Google.

Through at least its design and development of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Foldable Smartphone Products.

132.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design and development of the Accused Foldable Smartphone Products.

133.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the Selim '834 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Foldable Smartphone Products, within the United States and within this District.

134.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the Selim '834 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable

Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the Selim '834 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products. *See, e.g.,* https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=13557876; https://www.youtube.com/@madebygoogle/videos.

135.     Upon information and belief, and as described above, Google has had actual knowledge of the Selim '834 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the Selim '834 Patent.

136.     In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the Selim '834 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the Selim '834 Patent, that constitute a material part of the invention(s) claimed in the Selim '834 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the Selim '834 Patent.

137.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the Selim '834 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

138.    Upon information and belief, as set forth in detail above, Google's infringement of the Selim '834 Patent has been willful.

### IX. COUNT FIVE - (INFRINGEMENT OF U.S. PATENT NO. 8,854,834)

139.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

140.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the O'Connor '834 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[5]

141.    Claim 1 of the O'Connor '834 Patent, for example, recites:

A device for forming a joined display comprising:

a. a core member;

b. a first movable member capable of moving around the core member in a rotational manner, wherein the first movable member comprises a first surface and one or more first inner recesses adjacent the core member;

c. a second movable member capable of moving around the core member in a rotational manner, wherein the second movable member comprises a second surface and one or more second inner recesses adjacent the core member;

d. at least one detaining member comprising an elastic element and one or more cams, wherein the detaining member is positioned through the core member such that the cams are adjacent the first and second inner recesses and selectively

---

[5] The identification of infringed claims for the O'Connor '834 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the O'Connor '834 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

ME1 46769090v.1

detain the first moveable member, the second moveable member, or both at one or more of pre-defined detaining locations on the first moveable member, the second moveable member, or both; and

wherein when the first surface and the second surface are rotated to be parallel with each other a single display is formed comprising an edge of the first surface adjacent to an edge of the second surface.

142.    By way of example, and without limitation, Google has directly infringed the O'Connor '834 Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which meet every limitation of claim 1.

143.    The Accused Foldable Smartphone Products are devices that form a joined display that have a core member, which Google refers to as a "hinge" for their Accused Foldable Smartphone Products, and both a first and second moveable member comprising a surface (*i.e.*, a touch sensitive display screen) and an inner recess that is adjacent the hinge. *See, e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (referring to "hinge" between two members comprising at least a touch sensitive display screen and an inner recess adjacent the hinge, with the members able to rotate around the hinge to open and close the device) (last accessed November 17, 2023). The first and second moveable members are capable of moving around the hinge in a rotational manner allowing the devices to be opened and closed. *See, e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (depicting opening and closing of device) (last accessed November 17, 2023). Upon information and belief, the Accused Foldable Smartphone Products include at least one detaining member, which comprises at least one elastic member (*e.g.*, a spring) and at least one cam, that is positioned through the hinge such that the one or more cams are adjacent the inner recesses of the moveable members. The detaining member of the devices, along with the hinge, can selectively detain the moveable members, comprising at least a touch sensitive display screen, at pre-defined locations, allowing a user to place the screens at specific angles relative to each other and around the hinge. *See, e.g.,*

https://store.google.com/us/product/pixel_fold?hl=en-US (depicting devices with two moveable members comprising inner screens in a variety of fixed positions, including fully open, fully closed, and partially folded) (last accessed November 17, 2023). When the Accused Foldable Smartphone Products are completely open, and the touch sensitive display screens that are part of the two moveable members are parallel to one another, they form a single contiguous display. *See, e.g.,* https://store.google.com/us/product/pixel_fold?hl=en-US (describing and depicting a single contiguous display formed when the device is fully open and the touch sensitive display screens of the moveable members are parallel to one another to create an "immersive display") (last accessed November 17, 2023).

144.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the O'Connor '834 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Foldable Smartphone Products, within the United States and within this District.

145.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the O'Connor '834 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused

Foldable Smartphone Products are designed and intended to enable users to use the claimed systems of the O'Connor '834 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products. *See, e.g.,* https://store.google.com/product/pixel_fold?hl=en-US; https://support.google.com/pixelphone#topic=7078250; https://www.youtube.com/@madebygoogle/videos.

146.    Upon information and belief, and as described above, Google has had actual knowledge of the O'Connor '834 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the O'Connor '834 Patent.

147.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the O'Connor '834 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the O'Connor '834 Patent, that constitute a material part of the invention(s) claimed in the O'Connor '834 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the O'Connor '834 Patent.

148.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the O'Connor '834

34

Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

149.    Upon information and belief, as set forth in detail above, Google's infringement of the O'Connor '834 Patent has been willful.

### X. COUNT SIX - (INFRINGEMENT OF U.S. PATENT NO. 9,665,126)

150.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

151.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '126 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[6]

152.    Claim 1 of the '126 Patent, for example, recites:

A method of forming a joined screen display comprising:

a. forming a body comprising at least a portion of a first rotatable member, at least a portion of a second rotatable member, or both, wherein each of the first rotatable member and the second rotatable member comprise a first inner recess and a second inner recess;

b. forming a first screen on the first rotatable member;

c. forming a second screen on the second rotatable member, wherein the first screen and the second screen form a substantially continuous display when at least a portion of the first screen becomes substantially parallel to at least a portion of the second screen; and

d. forming at least one detaining member on the body comprising an elastic element and one or more cams, wherein the detaining member is positioned through a core member on the body such that the cams are adjacent the first and second inner recesses and selectively detain the first rotatable member, the second rotatable

---

[6] The identification of infringed claims for the '126 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '126 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

ME1 46769090v.1

member, or both at one or more of pre-defined detaining locations on the first rotatable member, the second rotatable member, or both.

153.    By way of example, and without limitation, Google has directly infringed the '126 Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

154.    The Accused Foldable Smartphone Products perform a method of forming a joined screen display by rotatably moving two screens around an inner hinge. *See, e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (referring to "hinge" between two members comprising at least a touch sensitive display screen and an inner recess that connects the members to the hinge, with the members able to rotate around the hinge to open and close the device) (last accessed November 17, 2023). The Accused Foldable Smartphone Products are created by forming a body comprised of a first and second rotatable member that include a touch sensitive display screen. *See, e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (showing first and second members with screens that rotate around a hinge) (last accessed November 17, 2023). Upon information and belief, these rotatable members have inner recesses. Additionally, upon information and belief, the Accused Foldable Smartphone Products include at least one detaining member, which comprises at least one elastic member (*e.g.*, a spring) and at least one cam, that is positioned through the hinge such that the one or more cams are adjacent the inner recesses of the moveable members. The detaining member of the devices, along with the hinge, can selectively detain the moveable members, comprising at least a touch sensitive display screen, at pre-defined locations, allowing a user to place the screens at specific angles relative to each other and around the hinge. *See, e.g.,* https://store.google.com/us/product/pixel_fold?hl=en-US (depicting devices with two moveable members comprising inner screens in a variety of fixed positions, including fully open, fully closed, and partially folded) (last accessed November 17,

2023). When the Accused Foldable Smartphone Products are completely open, and the touch sensitive display screens that are part of the two moveable members are parallel to one another, they form a single contiguous display. *See, e.g.,* https://store.google.com/us/product/pixel_fold?hl=en-US (describing and depicting a single contiguous display formed when the device is fully open and the touch sensitive display screens of the moveable members are parallel to one another to create an "immersive display") (last accessed November 17, 2023).

155.    Each of the steps of claim 1 of the '126 Patent, as well as each step of the other infringed method claims of the '126 Patent, are performed directly by Google. Through at least its design, development, and manufacture of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing, marketing, and/or manufacture of the Accused Foldable Smartphone Products.

156.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved structure for a foldable smartphone, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design, development, and manufacture of the Accused Foldable Smartphone Products.

157.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '126 Patent pursuant to 35 U.S.C. § 271(a) by making,

having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Foldable Smartphone Products, within the United States and within this District.

158. In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '126 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to use the claimed systems of the '126 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products. *See, e.g.,* https://store.google.com/product/pixel_fold?hl=en-US;

https://support.google.com/pixelphone#topic=7078250;

https://www.youtube.com/@madebygoogle/videos.

159. Upon information and belief, and as described above, Google has had actual knowledge of the '126 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '126 Patent.

160. In addition, Google, by itself and/or through its subsidiaries, affiliates, agents,

and/or business partners, has contributed and continues to contribute to the direct infringement of the '126 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the '126 Patent, that constitute a material part of the invention(s) claimed in the '126 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '126 Patent.

161.   As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '126 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

162.   Upon information and belief, as set forth in detail above, Google's infringement of the '126 Patent has been willful.

## XI. COUNT SEVEN - (INFRINGEMENT OF U.S. PATENT NO. 8,842,080)

163.   Multifold realleges and incorporates by reference each of the preceding paragraphs.

164.   Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '080 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[7]

---

[7] The identification of infringed claims for the '080 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '080 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

165. Claim 1 of the '080 Patent, for example, recites:

A method for controlling a handheld computing device including one or more displays, comprising:

displaying a first screen of an application in a first display condition;

displaying an icon with the first screen of the application, wherein the icon indicates that the application is in a first state corresponding to the first display condition;

receiving a gesture input at a gesture sensor;

modifying the manner in which the application is displayed in response to the receiving step;

changing the application to a second display condition; and

morphing the icon to indicate that the application is in a second state corresponding to a second display condition the morphing comprising changing the shape and size of the icon;

wherein the first and the second states comprise an open application state.

166. By way of example, and without limitation, Google has directly infringed the '080 Patent, and continues to do so, by providing the Accused Products, including the Accused Foldable Smartphone Products and Accused Flat Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

167. The Accused Foldable Smartphone Products can display a first screen of an application in a first display condition, including showing an icon that corresponds to the display condition that the application is in. For example, on information and belief, if an application is open and shown only on a portion of the device such as a top portion (*i.e.*, a particular display condition), the application will show an icon that shows the application can be maximized so that it is displayed on additional portions of the device. Upon information and belief, the Accused Foldable Smartphone Products can receive user inputs such as gestures (*e.g.*, tapping an icon on a touch sensitive screen) to modify how the open application is displayed and change the application

40

to a second display condition, resulting in the icon changing (*e.g.*, in size and shape) to indicate that the application's display condition has changed. For example, if the open application previously shown on only a portion of the device is maximized to be displayed on additional portions, the icon indicating the application can be maximized will change to indicate that the application is now in a maximized condition and/or that it can now be minimized.

168.    Additionally, the Accused Flat Smartphone Products can display a first screen of an application in a first display condition, including showing an icon that corresponds to the display condition that the application is in. For example, on information and belief, if an application is open and shown only on a portion of the device such as a top portion (*i.e.*, a particular display condition), the application will show an icon that shows the application can be maximized so that it is displayed on additional portions of the device. Upon information and belief, the Accused Flat Smartphone Products can receive user inputs such as gestures (*e.g.*, tapping an icon on a touch sensitive screen) to modify how the open application is displayed and change the application to a second display condition, resulting in the icon changing (*e.g.*, in size and shape) to indicate that the application's display condition has changed. For example, if the open application previously shown on only a portion of the device is maximized to be displayed on additional portions, the icon indicating the application can be maximized will change to indicate that the application is now in a maximized condition and/or that it can now be minimized.

169.    Each of the steps of claim 1 of the '080 Patent, as well as each step of the other infringed method claims of the '080 Patent, are performed directly by Google. Through at least its design and development of the Accused Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Products.

170.   To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Products, including at least via Google's design and development of the Accused Products.

171.   For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '080 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Products, within the United States and within this District.

172.   In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '080 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Google lists Accused Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Products are designed and intended to enable users to use the claimed systems of the '080 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Products, touts the benefits of the Accused Products, and encourages the use of the Accused Products. *See, e.g.,*                          https://store.google.com/product/pixel_fold?hl=en-US; https://support.google.com/pixelphone#topic=7078250;

42

https://www.youtube.com/@madebygoogle/videos.

173.    Upon information and belief, and as described above, Google has had actual knowledge of the '080 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '080 Patent.

174.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '080 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '080 Patent, that constitute a material part of the invention(s) claimed in the '080 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '080 Patent.

175.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '080 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

176.    Upon information and belief, as set forth in detail above, Google's infringement of the '080 Patent has been willful.

**XII. COUNT EIGHT - (INFRINGEMENT OF U.S. PATENT NO. 9,727,205)**

177.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

178.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '205 Patent

including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the

United States.[8]

179.    Claim 1 of the '205 Patent, for example, recites:

A method comprising:

providing a handheld device with a first display and a second display, wherein the device is in an open state where both the first display and second display are viewable by a user;

displaying a first screen of an application in the first display;

displaying an icon associated with the application in the first display;

receiving an input to change a display of the application;

in response to the input, modifying the first screen to display over the first and second displays; and

in response to modifying the first screen, indicating modification of the first screen by changing a size of the icon displayed in the first screen.

180.    By way of example, and without limitation, Google has directly infringed the '205 Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

181.    The Accused Foldable Smartphone Products are handheld devices that have a first and second display, both of which are viewable by a user, when the device is open. *See, e.g.,* https://store.google.com/product/pixel_fold?hl=en-US (depicting handheld devices with two inner displays that are viewable by a user when the device is open) (last accessed November 17, 2023). The Accused Foldable Smartphone Products can display a first screen of an application and an

---

[8] The identification of infringed claims for the '205 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '205 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

icon associated with the application (*e.g.*, an icon providing information about the application or providing input options) on the first display. Upon information and belief, the Accused Foldable Smartphone Products can receive user inputs such as gestures (*e.g.*, tapping an icon on a touch sensitive screen) to maximize the application so that it is displayed over both displays, and after doing so, will indicate that the application has been maximized by changing the size of the icon associated with the application that is displayed in the first screen of the application.

182.    Each of the steps of claim 1 of the '205 Patent, as well as each step of the other infringed method claims of the '205 Patent, are performed directly by Google. Through at least its design and development of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Foldable Smartphone Products.

183.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design and development of the Accused Foldable Smartphone Products.

184.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '205 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby

including the Accused Foldable Smartphone Products, within the United States and within this District.

185.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '205 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to use the claimed systems of the '205 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products. *See, e.g.,* https://store.google.com/product/pixel_fold?hl=en-US;

https://support.google.com/pixelphone#topic=7078250;

https://www.youtube.com/@madebygoogle/videos.

186.    Upon information and belief, and as described above, Google has had actual knowledge of the '205 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '205 Patent.

187.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of

46

the '205 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the '205 Patent, that constitute a material part of the invention(s) claimed in the '205 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '205 Patent.

188.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '205 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

189.    Upon information and belief, as set forth in detail above, Google's infringement of the '205 Patent has been willful.

### XIII. COUNT NINE - (INFRINGEMENT OF U.S. PATENT NO. 9,058,153)

190.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

191.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '153 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[9]

192.    Claim 1 of the '153 Patent, for example, recites:

_____

[9] The identification of infringed claims for the '153 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '153 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

A method, comprising:

providing a device having a first display and a second display;

displaying a first window of a multi-display application on the first display and the second display;

receiving an input to launch a second application;

in response to receiving the input:

displaying a second window of the second application on the second display; and

in response to opening the second window, automatically minimizing the first window to fit the first display; and

displaying the minimized first window of the multi-display application on the first display.

193.    By way of example, and without limitation, Google has directly infringed the '153 Patent, and continues to do so, by providing the Accused Products, including the Accused Foldable Smartphone Products and Accused Flat Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

194.    The Accused Foldable Smartphone Products are devices that have a first and second display. *See, e.g.,* https://store.google.com/product/pixel_fold?hl=en-US (showing devices with a plurality of displays) (last accessed November 17, 2023). Upon information and belief, the Accused Foldable Smartphone Products can open and display a multi-display application on both the first and second display of the device. *See, e.g.,* https://store.google.com/product/pixel_fold?hl=en-US (showing a multi-display application displayed on both the first and second display) (last accessed November 17, 2023). The Accused Foldable Smartphone Products can then receive input to open a second application, at which time the first application will automatically be minimized to the first display, and the second application will be displayed on the second display. *See, e.g.,*

48

https://store.google.com/product/pixel_fold?hl=en-US (showing, as part of "split screen" functionality, a second application being opened resulting in the first application being minimized to one display and the second application being displayed on another display) (last accessed November 17, 2023).

195.    The Accused Flat Smartphone Products are devices that have a first and second display. *See, e.g.,* https://www.youtube.com/watch?v=BbYFU4Rm_kc (showing devices with a plurality of displays) (last accessed November 17, 2023). Upon information and belief, the Accused Flat Smartphone Products can open and display a multi-display application on both the first and second display of the device. *See, e.g.,* https://www.youtube.com/watch?v=BbYFU4Rm_kc (showing a multi-display application displayed on both the first and second display) (last accessed November 17, 2023). The Accused Flat Smartphone Products can then receive input to open a second application, at which time the first application will automatically be minimized to the first display, and the second application will be displayed on the second display. *See, e.g.,* https://www.youtube.com/watch?v=BbYFU4Rm_kc (showing, as part of "split screen" functionality, a second application being opened resulting in the first application being minimized to one display and the second application being displayed on another display) (last accessed November 17, 2023).

196.    Each of the steps of claim 1 of the '153 Patent, as well as each step of the other infringed method claims of the '153 Patent, are performed directly by Google. Through at least its design and development of the Accused Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Products.

197.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Products, including at least via Google's design and development of the Accused Products.

198.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '153 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Products, within the United States and within this District.

199.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '153 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Google lists Accused Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '153 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Products, touts the benefits of the Accused Products, and encourages the use of the Accused Products. *See, e.g.,* https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=7078250;

ME1 46769090v.1

https://www.youtube.com/@madebygoogle/videos.

200.    Upon information and belief, and as described above, Google has had actual knowledge of the '153 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '153 Patent.

201.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '153 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '153 Patent, that constitute a material part of the invention(s) claimed in the '153 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '153 Patent.

202.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '153 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

203.    Upon information and belief, as set forth in detail above, Google's infringement of the '153 Patent has been willful.

### XIV. COUNT TEN - (INFRINGEMENT OF U.S. PATENT NO. 8,875,050)

204.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

205.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '050 Patent

including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the

United States.[10]

206.    Claim 1 of the '050 Patent, for example, recites:

A method, comprising:

displaying a first image of a first application on a first display of a first screen, wherein the first image is in focus, wherein input options for the first application are displayed in a first configurable area of the first screen, wherein input is allowed from the first configurable area and the first display of the first screen, wherein no input options are displayed in a second configurable area of a second screen, wherein input is not allowed from the second configurable area, and wherein input is allowed from a second display of the second screen;

receiving first input on the first screen or the second screen indicating a request to launch a second application;

launching the second application;

displaying, by the second application, a second image on the second display of the second screen; and

changing the focus from the first image to the second display, wherein no input options are displayed in the first configurable area, wherein input is not allowed from the first configurable area, wherein input is allowed from the first display, wherein input options for the second application are displayed in the second configurable area of the second screen, and wherein input is allowed from the second configurable area and the second display of the second screen.

207.    By way of example, and without limitation, Google has directly infringed the '050

Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which

perform, are capable of performing, and/or allow a user to perform the method of claim 1.

208.    The Accused Foldable Smartphone Products can display a first image of a first

application on a first display on a first screen and a second image of a second application on a

---

[10] The identification of infringed claims for the '050 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '050 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

second display on a second screen. *See, e.g.,* https://store.google.com/product/pixel_fold?hl=en-US (depicting device displaying images from one application on one screen and images from another application on another screen) (last accessed November 17, 2023). Upon information and belief, the Accused Foldable Smartphone Products can have images displayed by an application in focus such that they are active and/or selected to receive input. Additionally, upon information and belief, the Accused Foldable Smartphone Products can display input options that control the application or its settings in a first configurable area on a first screen (*e.g.*, a navigation bar or menu) that receives input from a user via, for example, taps from the user, and at the same time, not display input options in another configurable area on a second screen. The Accused Foldable Smartphone Products can receive input on a screen, such as taps from the user, to launch a second application so that a second image from the second application is displayed on a second display, at which time the focus will shift to the second display such that it is active and/or selected to receive input. Upon information and belief, in connection with this change in focus, input options for the second application will be shown in a second configurable area of the second screen (*e.g.*, a navigation bar or menu) and input options for the first application in the first configurable area will no longer be shown.

209. Each of the steps of claim 1 of the '050 Patent, as well as each step of the other infringed method claims of the '050 Patent, are performed directly by Google. Through at least its design and development of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Foldable Smartphone Products.

210. To the extent any step of such claims is not directly performed by Google, it is

performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design and development of the Accused Foldable Smartphone Products.

211.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '050 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Foldable Smartphone Products, within the United States and within this District.

212.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '050 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '050 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused

Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products. *See, e.g.,* https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=7078250; https://www.youtube.com/@madebygoogle/videos.

213.    Upon information and belief, and as described above, Google has had actual knowledge of the '050 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '050 Patent.

214.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '050 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the '050 Patent, that constitute a material part of the invention(s) claimed in the '050 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '050 Patent.

215.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '050 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

216.    Upon information and belief, as set forth in detail above, Google's infringement of the '050 Patent has been willful.

## XV. COUNT ELEVEN - (INFRINGEMENT OF U.S. PATENT NO. 9,792,007)

217.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

218.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '007 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[11]

219.    Claim 1 of the '007 Patent, for example, recites:

A method, comprising:

displaying a first image of a first application on a first display, wherein the first image is in focus, wherein input options for the first application are displayed in a first configurable area, wherein input is allowed from the first configurable area and the first display, wherein no input options are displayed in a second configurable area, wherein input is not allowed from the second configurable area, wherein input is allowed from a second display, wherein the first configurable area does not display content from an application, and wherein the second configurable area does not display content from an application;

receiving first input indicating a request to launch a second application;

launching the second application; and

in response to launching the second application:

displaying, by the second application, a second image on the second display; and

changing the focus from the first image to the second image;

stopping display of input options in the first configurable area, wherein input is not allowed from the first configurable area, wherein input is allowed from the first display; and

---

[11] The identification of infringed claims for the '007 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '007 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

displaying input options for the second application in the second configurable area, wherein input is allowed from the second configurable area and the second display.

220.    By way of example, and without limitation, Google has directly infringed the '007 Patent, and continues to do so, by providing the Accused Products, including the Accused Foldable Smartphone Products and Accused Flat Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

221.    The Accused Foldable Smartphone Products can display a first image of a first application on a first display and a second image of a second application on a second display. *See, e.g.,* https://store.google.com/product/pixel_fold?hl=en-US (depicting device displaying images from one application on one display and images from another application on another display) (last accessed November 17, 2023). Upon information and belief, the Accused Foldable Smartphone Products can have images displayed by an application in focus such that they are active and/or selected to receive input. Additionally, upon information and belief, the Accused Foldable Smartphone Products can display input options that control the application or its settings in a first configurable area (*e.g.*, a navigation bar or menu) that receives input from a user via, for example, taps from the user, and at the same time, not display input options in another configurable area. Upon information and belief, this first configurable area does not display content or media from an application. The Accused Foldable Smartphone Products can receive input, such as taps from the user, to launch a second application so that a second image from the second application is displayed on a second display, at which time the focus will shift to the second image such that it is active and/or selected to receive input. Upon information and belief, in connection with this change in focus, input options for the second application will be shown in a second configurable area (*e.g.*, a navigation bar or menu) and input options for the first application in the first configurable area will no longer be shown.

57

222.    The Accused Flat Smartphone Products can display a first image of a first application on a first display and a second image of a second application on a second display. *See, e.g.,* https://www.youtube.com/watch?v=BbYFU4Rm_kc (showing, as part of "split screen" functionality, a device displaying images from one application on one display and images from another application on another display) (last accessed November 17, 2023). Upon information and belief, the Accused Flat Smartphone Products can have images displayed by an application in focus such that they are active and/or selected to receive input. Additionally, upon information and belief, the Accused Flat Smartphone Products can display input options that control the application or its settings in a first configurable area (*e.g.*, a navigation bar or menu) that receives input from a user via, for example, taps from the user, and at the same time, not display input options in another configurable area. Upon information and belief, this first configurable area does not display content or media from an application. The Accused Flat Smartphone Products can receive input, such as taps from the user, to launch a second application so that a second image from the second application is displayed on a second display, at which time the focus will shift to the second image such that it is active and/or selected to receive input. Upon information and belief, in connection with this change in focus, input options for the second application will be shown in a second configurable area (*e.g.*, a navigation bar or menu) and input options for the first application in the first configurable area will no longer be shown.

223.    Each of the steps of claim 1 of the '007 Patent, as well as each step of the other infringed method claims of the '007 Patent, are performed directly by Google. Through at least its design and development of the Accused Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Products.

224.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Products, including at least via Google's design and development of the Accused Products.

225.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '007 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Products, within the United States and within this District.

226.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '007 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Google lists Accused Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '007 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Products, touts the benefits of the Accused Products, and encourages the use of the Accused Products. *See, e.g.,* https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=7078250;

https://www.youtube.com/@madebygoogle/videos.

227. Upon information and belief, and as described above, Google has had actual knowledge of the '007 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '007 Patent.

228. In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '007 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '007 Patent, that constitute a material part of the invention(s) claimed in the '007 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '007 Patent.

229. As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '007 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

230. Upon information and belief, as set forth in detail above, Google's infringement of the '007 Patent has been willful.

**XVI. COUNT TWELVE - (INFRINGEMENT OF U.S. PATENT NO. 9,141,135)**

231. Multifold realleges and incorporates by reference each of the preceding paragraphs.

232. Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '135 Patent

including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[12]

233.    Claim 1 of the '135 Patent, for example, recites:

1. A method of displaying information on a mobile multi-display device including a plurality of desktops and/or applications each having at least one window, and an annunciator window, the method comprising:

placing the multi-display device in an open state with a first display and a second display facing in a same direction;

receiving, by a processor, a first input that represents an instruction to reveal one of a first desktop or application on the first display of the multi-display device and selecting the first desktop or application to display on the first display;

receiving, by the processor, a second input that represents an instruction to reveal one of a second desktop or application on the second display of the multi-display device and selecting the second desktop or application to display on the second display;

displaying, by the processor, the selected first and second desktops or applications on the first and second displays;

displaying, by the processor, a pre-configured annunciator window having information therein showing at least one of a device status, a connectivity status, and a messaging status;

configuring, by the processor, the annunciator window to extend across a first portion of the first display and a second portion of the second display, wherein the first portion and the second portion do not degrade the display of information by the selected first and second desktops or applications; and

modifying, by the processor, the display of the annunciator window in response to a changed state of at least one of the device status, connectivity status, and messaging status, wherein the modified display of the annunciator window displays information selectively across the annunciator window.

234.    By way of example, and without limitation, Google has directly infringed the '135

---

[12] The identification of infringed claims for the '135 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '135 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

Patent, and continues to do so, by providing the Accused Products, including the Accused Foldable Smartphone Products and Accused Flat Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

235.    For example, the Accused Foldable Smartphone Products, on information and belief, have a first and second display facing the same direction, and a processor *See, e.g.,* https://store.google.com/us/product/pixel_fold?hl=en-US (referring to Google Tensor G2 processor and showing, as part of "split screen" functionality, a device displaying images from one application on one display and images from another application on another display) (last accessed November 17, 2023). The Accused Flat Smartphone Products can show a first application on the first display, and a second application on the second display. *See, e.g.,* https://store.google.com/us/product/pixel_fold?hl=en-US (showing two different applications on two different inner displays) (last accessed November 17, 2023). On information and belief, the Accused Foldable Smartphone Products, at the same time as displaying the two applications on the two displays, can display an annunciator window, *e.g.* a status bar or a notification bar on Google devices, across the top of both displays without obscuring information displayed by the applications. This annunciator bar can display information relating to at least one of a device status (such as battery life), connectivity status (such as Wi-Fi or 5G service), and messaging status (such as for emails or texts). On information and belief, the annunciator bar can then change its display based on the change of at least one of the device, connectivity, and messaging statuses.

236.    Additionally, the Accused Flat Smartphone Products perform a method in accordance with the claim. For example, the Accused Flat Smartphone Products, on information and belief, have a first and second display facing the same direction, and a processor. *See, e.g.,* https://store.google.com/product/pixel_8?hl=en-US (referring to Google Tensor G3 processor and

user interaction with device) (last accessed November 17, 2023); https://www.youtube.com/watch?v=BbYFU4Rm_kc (depicting displaying different applications on a plurality of displays on a multi-display device). The Accused Flat Smartphone Products can show a first application on the first display, and a second application on the second display. *See, e.g.,* https://www.youtube.com/watch?v=BbYFU4Rm_kc (depicting displaying different applications on a plurality of displays on a multi-display device) (last accessed November 17, 2023). On information and belief, the Accused Flat Smartphone Products, at the same time as displaying the two applications on the two displays, can display an annunciator window (*e.g.*, a status bar or a notification bar on Google devices), across the top of both displays without obscuring information displayed by the applications. This annunciator window can display information relating to at least one of a device status (such as battery life), connectivity status (such as Wi-Fi or 5G service), and messaging status (such as for emails or texts). On information and belief, the annunciator window can then change its display based on the change of at least one of the device, connectivity, and messaging statuses.

237.    Each of the steps of claim 1 of the '135 Patent, as well as each step of the other infringed method claims of the '135 Patent, are performed directly by Google. Through at least its design and development of the Accused Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Products.

238.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such

performance by directing and controlling the operation of the Accused Products, including at least via Google's design and development of the Accused Products.

239.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '135 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Products, within the United States and within this District.

240.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '135 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Google lists Accused Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '135 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Products, touts the benefits of the Accused Products, and encourages the use of the Accused Products. *See, e.g.,* https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=13557876; https://www.youtube.com/@madebygoogle/videos.

241.    Upon information and belief, and as described above, Google has had actual knowledge of the '135 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and

intent that such activities would cause and/or encourage direct infringement of the '135 Patent.

242.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '135 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '135 Patent, that constitute a material part of the invention(s) claimed in the '135 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '135 Patent.

243.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '135 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

244.    Upon information and belief, as set forth in detail above, Google's infringement of the '135 Patent has been willful.

## XVII. COUNT THIRTEEN - (INFRINGEMENT OF U.S. PATENT NO. 8,832,577)

245.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

246.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '577 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[13]

---

[13] The identification of infringed claims for the '577 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '577

247.    Claim 1 of the '577 Patent, for example, recites:

A method of operating a multi-screen device, comprising:

receiving a first input corresponding to an instruction to copy [] a first selected content from a first application;

copying the first selected content;

executing a universal clipboard application:

displaying a universal clipboard associated with the universal clipboard application on a second screen of the multi-screen device;

rendering a display of a first item with the universal clipboard application, the first item corresponding to the first selected content, wherein the universal clipboard is configured to store two or more items of copied content from a plurality of applications, wherein the first item has a first format and a second item has a second format;

receiving, on the second screen of the multi-screen device, a second input corresponding to a selection of the first item from the universal clipboard;

receiving a third input to paste the first item in a second application that is different from the first application; and

pasting the first selected content to the second application on a first screen of the multi-screen device.

248.    By way of example, and without limitation, Google has directly infringed the '577 Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

249.    For example, the Accused Foldable Smartphone Products, on information and belief, can, in response to user input, copy various information from an application presented on the device, such as pictures or text. On information and belief, the Accused Foldable Smartphone Products can then open a clipboard application (*e.g.*, Gboard's clipboard) on the second screen of

---

Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

the device, where the copied information will be displayed on the clipboard application. On information and belief, a clipboard application of the Accused Foldable Smartphone Products can store copied information from a plurality of applications (*e.g.*, messages or chrome). A user can then select which information from the clipboard application to paste, and paste the information in a second application that was different from the application from which the information was copied, that is displayed on the first screen of the device.

250.     Each of the steps of claim 1 of the '577 Patent, as well as each step of the other infringed method claims of the '577 Patent, are performed directly by Google. Through at least its design and development of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Foldable Smartphone Products.

251.     To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design and development of the Accused Foldable Smartphone Products.

252.     For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '577 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby

including the Accused Foldable Smartphone Products, within the United States and within this District.

253.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '577 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '577 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products. *See, e.g.,* https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=13557876; https://www.youtube.com/@madebygoogle/videos.

254.    Upon information and belief, and as described above, Google has had actual knowledge of the '577 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '577 Patent.

255.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of

the '577 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the '577 Patent, that constitute a material part of the invention(s) claimed in the '577 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '577 Patent.

256.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '577 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

257.    Upon information and belief, as set forth in detail above, Google's infringement of the '577 Patent has been willful.

## XVIII. COUNT FOURTEEN - (INFRINGEMENT OF U.S. PATENT NO. 9,146,589)

258.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

259.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '589 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[14]

260.    Claim 1 of the '589 Patent, for example, recites:

---

[14] The identification of infringed claims for the '589 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '589 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

ME1 46769090v.1

A method, comprising:

providing a device having at least first and second screens;

receiving user interface input to execute an image capture function;

presenting a first display for the image capture function based on a physical device state, a display mode and a device orientation, the physical device state at least including open, closed easel or modified easel, the display mode at least including portrait single, portrait dual, landscape single, landscape dual, portrait max or landscape max;

receiving a device orientation change, wherein the device orientation change is a rotation of the device; and

based on the device orientation change, the device state and the display mode, presenting a second display for the image capture function, wherein a portion on the first and second screen changes from the first display to the second display.

261.    By way of example, and without limitation, Google has directly infringed the '589 Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

262.    For example, the Accused Foldable Smartphone Products, on information and belief, have    at    least    a    first    and    second    screen.    *See,    e.g.*, https://store.google.com/us/product/pixel_fold?hl=en-US (showing two screens) (last accessed November 17, 2023). A user can provide input to open an image capture function, such as the camera application. *See, e.g.,* https://store.google.com/us/product/pixel_fold?hl=en-US (showing a camera application on the device) (last accessed November 17, 2023). On information and belief, a first display for the camera application is then shown based on the physical device state (such as whether it is open, closed, or in-between), a display mode (such as displaying the application on both screens in portrait mode, or one screen in portrait mode), and a device orientation (such as whether    the    phone    is    in    portrait    or    landscape).    *See,* https://store.google.com/us/product/pixel_fold?hl=en-US (depicting different displays of the

camera application based on the physical device state, display mode, and device orientation) (last accessed November 17, 2023). On information and belief, a user can then rotate the Accused Foldable Smartphone Products to change their orientations, at which time the camera application will change its display on the first and second screens.

263. Each of the steps of claim 1 of the '589 Patent, as well as each step of the other infringed method claims of the '589 Patent, are performed directly by Google. Through at least its design and development of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Foldable Smartphone Products.

264. To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design and development of the Accused Foldable Smartphone Products.

265. For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '589 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Foldable Smartphone Products, within the United States and within this District.

266.     In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '589 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '589 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products.     *See,     e.g.,*     https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=13557876; https://www.youtube.com/@madebygoogle/videos.

267.     Upon information and belief, and as described above, Google has had actual knowledge of the '589 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '589 Patent.

268.     In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '589 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell,

and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the '589 Patent, that constitute a material part of the invention(s) claimed in the '589 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '589 Patent.

269.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '589 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

270.    Upon information and belief, as set forth in detail above, Google's infringement of the '589 Patent has been willful.

### XIX. COUNT FIFTEEN - (INFRINGEMENT OF U.S. PATENT NO. 9,158,494)

271.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

272.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '494 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[15]

273.    Claim 1 of the '494 Patent, for example, recites:

> A method for controlling a display of a device, comprising:
>
> presenting a first page of a first application on a first display of the device, wherein the first page is an auxiliary page;

---

[15] The identification of infringed claims for the '494 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '494 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

presenting a second page of the first application on a second display of the device, wherein the second page is a primary page, wherein the first and second pages present different content and are distinct pages, and wherein the auxiliary page is a child of the primary page;

receiving a first input from a user, wherein the first input includes an input to minimize the first application to one of the first and second displays of the device, wherein the second page of the first application is displayed by one of the first display of the device and the second display of the device, and wherein the first page of the first application is not displayed.

274.    By way of example, and without limitation, Google has directly infringed the '494 Patent, and continues to do so, by providing the Accused Foldable Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

275.    For example, the Accused Foldable Smartphone Products, on information and belief, , the Accused Foldable Smartphone Products have a first and second display. *See, e.g., See, e.g.,* https://store.google.com/us/product/pixel_fold?hl=en-US (depicting devices with a plurality of displays) (accessed November 17, 2023). On information and belief, the Accused Foldable Smartphone Products are able to present a first auxiliary page of an application on the first display of the device, and present a second primary page, which is different from the first auxiliary page, on the second display of the device. For example, a video displayed from the YouTube app presents a primary page (*e.g.*, the video) on one display and a first auxiliary page (*e.g.*, the video controls) on another display. On information and belief, the first auxiliary page presented on the first display is a child of the second primary page presented on the second display. On information and belief, after receiving input from a user to minimize the application—*e.g.*, by selecting "split screen"— to only one screen of the device, the Accused Foldable Smartphone Products can dismiss the auxiliary screen, and display only the primary page on one of the displays of the device.

276.    Each of the steps of claim 1 of the '494 Patent, as well as each step of the other infringed method claims of the '494 Patent, are performed directly by Google. Through at least its

design and development of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Foldable Smartphone Products.

277.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design and development of the Accused Foldable Smartphone Products.

278.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '494 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Foldable Smartphone Products, within the United States and within this District.

279.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '494 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products, and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable

Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '494 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products. *See, e.g.*, https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=13557876; https://www.youtube.com/@madebygoogle/videos.

280.    Upon information and belief, and as described above, Google has had actual knowledge of the '494 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '494 Patent.

281.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '494 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the '494 Patent, that constitute a material part of the invention(s) claimed in the '494 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '494 Patent.

282.    As a consequence of each of Google's direct infringement, inducement and

contributory infringement, both literal and under the doctrine of equivalents, of the '494 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

283.    Upon information and belief, as set forth in detail above, Google's infringement of the '494 Patent has been willful.

## XX. COUNT SIXTEEN - (INFRINGEMENT OF U.S. PATENT NO. 9,195,335)

284.    Multifold realleges and incorporates by reference each of the preceding paragraphs.

285.    Google, by itself and/or through its subsidiaries, agents, and/or business partners, has and continues to directly and/or indirectly infringe one or more claims of the '335 Patent including, without limitation, at least claim 1, in this District and elsewhere in Delaware and the United States.[16]

286.    Claim 1 of the '335 Patent, for example, recites:

A method, comprising:

displaying a window of a multi-display application on at least a portion of a first display and at least a portion of a second display;

receiving input that results in launching a modal window;

in response to the input, displaying, on a selected one of the first display or the second display, a modal window; and

wherein the window of the multi-display application is minimized to be displayed on the non-selected one of the first display or the second display.

287.    By way of example, and without limitation, Google has directly infringed the '335 Patent, and continues to do so, by providing the Accused Products, including the Accused Foldable

---

[16] The identification of infringed claims for the '335 Patent in this Complaint is exemplary and not intended to be limiting. The Accused Products may infringe additional claims of the '335 Patent and any such additional claims will be identified in accordance with the governing rules and procedures of the Court, including during or after fact discovery.

Smartphone Products, which perform, are capable of performing, and/or allow a user to perform the method of claim 1.

288.    For example, the Accused Foldable Smartphone Products, on information and belief, have a first and second display, and can display a window of a multi-display application (*e.g.,* the YouTube application) on at least a portion of both the first display and the second display. With the multi-display application open, a user of the Accused Foldable Smartphone Products can then input to launch a modal window (*e.g.*, the video controls) of the multi-display application. On information and belief, when the modal window is opened, the Accused Foldable Smartphone Products can display the modal window on either the first display or the second display, and then automatically minimize the multi-display window to the display that is not occupied by the modal window.

289.    Each of the steps of claim 1 of the '335 Patent, as well as each step of the other infringed method claims of the '335 Patent, are performed directly by Google. Through at least its design and development of the Accused Foldable Smartphone Products, Google dictates and controls the performance of each step of such claims. Further, upon information and belief, Google employees perform each step of such claims in connection with testing and/or marketing of the Accused Foldable Smartphone Products.

290.    To the extent any step of such claims is not directly performed by Google, it is performed under the direction or control of Google. Receipt of benefits of the Accused Foldable Smartphone Products, including to provide an improved smartphone user interface, are necessarily conditioned on performance of the claimed steps, and Google establishes the manner and/or timing of such performance by directing and controlling the operation of the Accused Foldable Smartphone Products, including at least via Google's design and development of the Accused

Foldable Smartphone Products.

291.    For at least these reasons, Google, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, claims of the '335 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby including the Accused Foldable Smartphone Products, within the United States and within this District.

292.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '335 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Foldable Smartphone Products , and through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Foldable Smartphone Products. Google lists Accused Foldable Smartphone Products for sale on its website. *See, e.g.*, https://store.google.com/category/phones?hl=en-US. The Accused Foldable Smartphone Products are designed and intended to enable users to perform and/or use the claimed methods and systems of the '335 Patent. Additionally, Google provides instructions and directions to users regarding the use of the Accused Foldable Smartphone Products, touts the benefits of the Accused Foldable Smartphone Products, and encourages the use of the Accused Foldable Smartphone Products.    *See,    e.g.,*    https://store.google.com/category/phones?hl=en-US; https://support.google.com/pixelphone#topic=13557876; https://www.youtube.com/@madebygoogle/videos.

293.    Upon information and belief, and as described above, Google has had actual

knowledge of the '335 Patent prior to, and at least as of, the filing of this Complaint. *See supra* § IV. Upon information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '335 Patent.

294.    In addition, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed and continues to contribute to the direct infringement of the '335 Patent by users of the Accused Foldable Smartphone Products pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Foldable Smartphone Products used to practice one or more claims of the '335 Patent, that constitute a material part of the invention(s) claimed in the '335 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '335 Patent.

295.    As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '335 Patent, Multifold has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

296.    Upon information and belief, as set forth in detail above, Google's infringement of the '335 Patent has been willful.

**JURY DEMAND**

297.    Multifold requests a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Multifold respectfully requests that the Court enter judgment against Google:

80

A.      Determining that Google has infringed one or more claims of the '842 Patent;

B.      Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '842 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

C.      Declaring that Google's infringement of the '842 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

D.      Determining that Google has infringed one or more claims of the '053 Patent;

E.      Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '053 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

F.      Declaring that Google's infringement of the '053 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

G.      Determining that Google has infringed one or more claims of the '756 Patent;

H.      Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '756 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

I.      Declaring that Google's infringement of the '756 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

J.      Determining that Google has infringed one or more claims of the Selim '834 Patent;

K.      Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the Selim '834 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

L.      Declaring that Google's infringement of the Selim '834 Patent was and is willful

and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

M.      Determining that Google has infringed one or more claims of the O'Connor '834 Patent;

N.      Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the O'Connor '834 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

O.      Declaring that Google's infringement of the O'Connor '834 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

P.      Determining that Google has infringed one or more claims of the '126 Patent;

Q.      Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '126 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

R.      Declaring that Google's infringement of the '126 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

S.      Determining that Google has infringed one or more claims of the '080 Patent;

T.      Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '080 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

U.      Declaring that Google's infringement of the '080 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

V.      Determining that Google has infringed one or more claims of the '205 Patent;

W.      Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '205 Patent, together with pre and

post judgment and interest and costs as fixed by the Court;

X.      Declaring that Google's infringement of the '205 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

Y.      Determining that Google has infringed one or more claims of the '153 Patent;

Z.      Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '153 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

AA.     Declaring that Google's infringement of the '153 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

BB.     Determining that Google has infringed one or more claims of the '050 Patent;

CC.     Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '050 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

DD.     Declaring that Google's infringement of the '050 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

EE.     Determining that Google has infringed one or more claims of the '007 Patent;

FF.     Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '007 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

GG.     Declaring that Google's infringement of the '007 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

HH.     Determining that Google has infringed one or more claims of the '135 Patent;

II.     Ordering Google to account for and pay to Multifold all damages suffered by

ME1 46769090v.1

Multifold as a consequence of Google's infringement of the '135 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

JJ.    Declaring that Google's infringement of the '135 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

KK.    Determining that Google has infringed one or more claims of the '577 Patent;

LL.    Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '577 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

MM.    Declaring that Google's infringement of the '577 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

NN.    Determining that Google has infringed one or more claims of the '589 Patent;

OO.    Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '589 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

PP.    Declaring that Google's infringement of the '589 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

QQ.    Determining that Google has infringed one or more claims of the '494 Patent;

RR.    Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '494 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

SS.    Declaring that Google's infringement of the '494 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

TT.    Determining that Google has infringed one or more claims of the '335 Patent;

UU.    Ordering Google to account for and pay to Multifold all damages suffered by Multifold as a consequence of Google's infringement of the '335 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

VV.    Declaring that Google's infringement of the '335 Patent was and is willful and trebling Multifold's damages under 35 U.S.C. § 284 on that ground;

WW.    Ordering that Google be ordered to pay supplemental damages to Multifold, including interest, with an accounting, as needed, of all infringements and/or damages not presented at trial;

XX.    Declaring that this case is exceptional and awarding Multifold its costs and attorney's fees in accordance with 35 U.S.C. § 275;

YY.    Ordering a permanent injunction prohibiting Google from further acts of infringement; and

ZZ.    Granting Multifold such other and further relief as the Court may deem just and proper.

Dated:  November 17, 2023

MCCARTER & ENGLISH, LLP

/s/ *Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Maliheh Zare (#7133)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
mzare@mccarter.com

*Of counsel:*

Timothy K. Gilman
Saunak K. Desai
Gregory R. Springsted
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Tel.: 212.756.2000
Fax: 212.593.5955
tim.gilman@srz.com
saunak.desai@srz.com
gregory.springsted@srz.com

*Attorneys for Plaintiff Multifold*
*International Incorporated Pte. Ltd.*

86