IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MULTIFOLD INTERNATIONAL INCORPORATED PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 23-1323 (JLH) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANT GOOGLE LLC'S
<u>PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

OF COUNSEL:

Edward J. Bennett
Adam D. Harber
Andrew V. Trask
D. Shayon Ghosh
Andrew Hoffman
Adam Pan
Michael T. Zakrajsek\*
Anna E. Searle
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC  20024
(202) 434-5000

\*Admitted only in Texas; practice limited to matters before certain federal courts, arbitral tribunals, and certain government agencies pursuant to D.C. Court of Appeals Rule 49(c).

February 9, 2024

MORRIS, NICHOLS, ARSHT &TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................1

SUMMARY OF ARGUMENT .........................................................................................................1

STATEMENT OF FACTS ................................................................................................................2

LEGAL STANDARD........................................................................................................................4

ARGUMENT ....................................................................................................................................4

I.   The Complaint Fails to State a Claim of Direct Infringement For Counts IV-VIII and X-XII. ....................................................................................................................4

    A.   Window-Management and User-Interface Patents (Counts IV, VII-VIII, and X-XII)...........................................................................................................6

    B.   Hardware Patents (Counts V and VI) ........................................................................9

II.  Because the Complaint Fails to State a Claim of Direct Infringement, the Complaint Also Fails to State a Claim of Indirect Infringement For Counts IV-VIII and X-XII. ..............................................................................................................................10

III. The Complaint Fails to State a Claim of Contributory Infringement For All Counts. ..............................................................................................................................11

CONCLUSION................................................................................................................................14


# TABLE OF AUTHORITIES

## CASES

*AgroFresh Inc. v. Essentiv LLC*, No. 16-662-MN-SRF,
    2018 WL 6974947 (D. Del. Dec. 27, 2018) .................................................................13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................4, 8, 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................................................4

*Blue Spike LLC v. Comcast Cable Commc'ns, LLC*, No. 19-159-LPS-CJB,
    2019 WL 4242930 (D. Del. Sept. 6, 2019) ..................................................................5, 8

*Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482 (D. Del. 2019) ...............................................5

*Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021) ...................................4, 5, 6, 14

*Daniels v. Solomon & Solomon P.C.*, 751 F. App'x 254 (3d Cir. 2018) ........................................12

*Dawson Chem. Co. v. Rohm & Haas Co.*, 448 U.S. 176 (1980) ....................................................11

*DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*, No. 19-2109-LPS-CJB,
    2020 WL 2220031 (D. Del. May 7, 2020) ........................................................................8

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010) .........................................................10

*HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770-RGA,
    2014 WL 4468088 (D. Del. Sept. 9, 2014) .....................................................................11

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................13, 14

*Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014) .........................................10

*McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263 (3d Cir. 2016) ...........................................6

*Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007) ...................................................................11

*N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB,
    2017 WL 5501489 (D. Del. Nov. 16, 2017) ............................................................7, 8, 10

*Novartis Pharms. Corp. v. Alembic Pharms. Ltd.*, No. 22-1395-RGA,
    2023 WL 6387975 (D. Del. Sept. 29, 2023) ..................................................................6, 7

*Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. 15-152-RGA,
    2016 WL 927143 (D. Del. Mar. 4, 2016) ................................................................5, 6, 8

*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014) .......................................................................11, 12

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, No. 20-1197-LPS,
 2021 WL 1785072 (D. Del. May 5, 2021)...............................................................................12

*Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. 19-1075-CFC-SRF,
 2020 WL 4260616 (D. Del. July 23, 2020) ..............................................................................8

*Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317 (Fed. Cir. 2009) ........................................12

**STATUTES**

35 U.S.C. § 271(b) ..................................................................................................................3, 10

35 U.S.C. § 271(c) .............................................................................................................3, 10, 11

## NATURE AND STAGE OF THE PROCEEDINGS

Multifold International Incorporated Pte. Ltd. ("Multifold") filed a sixteen-count Complaint against Google LLC ("Google") on November 17, 2023, alleging infringement of sixteen patents. D.I. 1. Google moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the direct and indirect infringement claims asserted in Counts IV-VIII and X-XII, and all contributory infringement claims.

## SUMMARY OF ARGUMENT

The asserted patents relate to various window-management, user-interface, and hardware features for multiscreen devices. Multifold indiscriminately aims these sixteen patents at Google's smartphones. It does so without providing sufficient factual support for eight of its claims of direct infringement. In those eight counts, Multifold largely parrots claim language and alleges the bare conclusion that Google infringes, without providing the factual underpinning that the federal rules require. Those claims should be dismissed, as should the indirect infringement claims that depend on them.

All claims of contributory infringement also should be dismissed. In each count, Multifold merely repeats statutory language without any facts to support a plausible claim. Multifold never identifies an actual component which itself does not infringe but contributes to infringement in some other machine or process. The Complaint's allegations instead concern the accused phones as finished products. The contributory infringement claims make no sense legally and cannot survive a motion to dismiss. Multifold also fails to plead facts about the phones' purported lack of substantial noninfringing uses, and Multifold's own allegations in the Complaint show that the accused phones have many substantial—and common—noninfringing uses. For both of these reasons, all contributory infringement claims should be dismissed.

## STATEMENT OF FACTS[1]

Plaintiff Multifold alleges that Google infringes sixteen patents[2] related to foldable smartphone technologies. Multifold does not claim that the asserted patents cover the broad spectrum of technologies embodied in such phones. Rather, the asserted patents relate to a narrow category of purported inventions "that improve the usability and versatility of foldable smartphones, as well as other smartphones that leverage multiple displays." D.I. 1 ¶ 66. Of the sixteen asserted patents, Multifold characterizes fourteen[3] as directed to "manners of configuring user interfaces" (*e.g.*, the '756 patent claims the idea of displaying a plurality of applications on multiple screens and selecting which application to maximize and display across both screens, *id.* ¶ 114) while the remaining two[4] are directed to "device structures" (*i.e.*, hardware features) that allow foldable devices having at least two screens "to be placed in different physical configurations." *Id.* ¶¶ 67-68.

Multifold alleges that "Google has developed, manufactured, used, sold, and/or offered for sale in the United States . . . several models of smartphones" that infringe the asserted patents. *Id.* ¶ 69. In particular, Multifold alleges that Google's Pixel Fold infringes all sixteen asserted patents

---

[1] Google accepts the non-conclusory allegations in Multifold's Complaint as true for purposes of this motion to dismiss only.

[2] The asserted patents are U.S. Patent Nos. 8,836,842 ("the '842 Patent"), 8,881,053 ("the '053 Patent"), 9,134,756 ("the '756 Patent"), 9,310,834 ("the Selim '834 Patent"), 8,854,834 ("the O'Connor '834 Patent"), 9,665,126 ("the '126 Patent"), 8,842,080 ("the '080 Patent"), 9,727,205 ("the '205 Patent"), 9,058,153 ("the '153 Patent"), 8,875,050 ("the '050 Patent"), 9,792,007 ("the '007 Patent"), 9,141,135 ("the '135 Patent"), 8,832,577 ("the '577 Patent"), 9,146,589 ("the '589 Patent"), 9,158,494 ("the '494 Patent"), and 9,195,335 ("the '335 Patent").

[3] The '842, '053, '756, Selim '834, '080, '205, '153, '050, '007, '135, '577, '589, '494, and '335 Patents.

[4] The O'Connor '834 and '126 Patents.

while Google's non-foldable (or flat) Pixel phones infringe five patents: the '756, '080, '153, '007, and '135 Patents. The accused phones are publicly available on the Google store website cited sporadically throughout the Complaint, *e.g.*, *id.* ¶ 94 (citing https://store.google.com/category/phones?hl=en-US), yet there is no indication from the Complaint that Multifold obtained, used, or tested the accused phones before filing this lawsuit.

The Complaint itself is remarkably formulaic. For each asserted patent, Multifold identifies a single allegedly infringed claim. After identifying that claim, Multifold alleges direct infringement in a single paragraph (or two paragraphs for the claims also asserted against the flat Pixel phones) that largely parrots claim language. No claim charts were filed with the Complaint. And many of the counts lack factual allegations to support Multifold's claims of direct infringement, instead relying on "information and belief." *See, e.g.*, *id.* ¶¶ 130, 143, 154, 167, 168, 181, 208, 221, 222.

Multifold also accuses Google of induced infringement under 35 U.S.C. § 271(b) "at least by . . . making, selling, offering to sell, and importing" the accused phones with the intent "to enable users to perform and/or use the claimed methods and systems" of the asserted patents. *Id.* ¶¶ 94, 107, 121, 134, 145, 158, 172, 185, 199, 212, 226, 240, 253, 266, 279, 292.

Multifold further accuses Google of contributory infringement of the asserted patents under 35 U.S.C. § 271(c) "at least by making, selling, offering for sell, and/or importing or exporting one or more components" of the Pixel phones (foldable and flat). *Id.* ¶¶ 96, 109, 123, 136, 147, 160, 174, 187, 201, 214, 228, 242, 255, 268, 281, 294. Yet Multifold never identifies any specific "components" of the phones. Multifold also asserts, without any supporting facts, that the unidentified "one or more components" of the accused phones "have no substantial non-infringing

3

use" and that the "components are especially made or adapted for use in infringing" the asserted patents. *Id.*

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor is demonstrating a mere possibility of relief sufficient. *Id.* Rather, a plaintiff must set forth "[f]actual allegations" that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

**I.   The Complaint Fails to State a Claim of Direct Infringement For Counts IV-VIII and X-XII.**

Multifold's direct infringement claims for Counts IV-VIII and X-XIII are legally insufficient and should be dismissed. To survive a motion to dismiss, a complaint alleging direct infringement must "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (alteration in original) (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)). Clearing that hurdle requires more than simply alleging entitlement to relief; the complaint "must support the ground for that entitlement with sufficient *factual content*." *Id.* (emphasis added).

4

Although there is no "blanket" rule requiring a plaintiff to formally plead specific facts "on an element-by-element basis," the "level of detail required in any given case will vary." *Id.* at 1352-53. Courts thus have held infringement claims implausible where a complaint lacked factual allegations directed to a claim limitation. *See, e.g., id.* at 1355 (affirming dismissal of a count based on the lack of factual allegations directed to the "mutual authentication program" claim limitation); *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (dismissing counts because the complaint lacked factual allegations directed to the accused infringer's performance of claim limitations regarding "pressure" and an "autocatalytic reaction"); *Blue Spike LLC v. Comcast Cable Commc'ns, LLC*, No. 19-159-LPS-CJB, 2019 WL 4242930, at *3-7 (D. Del. Sept. 6, 2019), *report and recommendation adopted*, 2019 WL 11027620 (D. Del. Nov. 5, 2019) (dismissing counts for similar reasons).

Ultimately, the complaint must provide "fair notice" of the allegedly infringing activity, and this requires more than "reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8*, 4 F.4th at 1352-53. Instead, the plaintiff "must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019); *see Bot M8*, 4 F.4th at 1353 ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.").

Eight of Multifold's direct infringement claims fall short of that standard. This motion addresses them in two groups. The first group, Counts IV, VII-VIII, and X-XII, concerns various window-management and user-interface patents. The second group, Counts V and VI, concerns hardware features for folding multiscreen devices. Despite differences in subject matter, these eight counts parrot claim language, rely on "information and belief" pleading, and lack factual

allegations such that the Complaint as a whole fails to provide Google sufficient notice of how it allegedly infringes.

### A. Window-Management and User-Interface Patents (Counts IV, VII-VIII, and X-XII)

Count IV is exemplary of the counts in this category. The method claim asserted in Count IV comprises three steps directed to presenting media on a portable multiscreen device. D.I. 1 ¶ 128. One of these steps involves "display[ing] an overlay control" on one of the screens and "actuation of the overlay control" to change media displayed on the screens. *Id.* ¶ 128. But the Complaint lacks any facts describing this alleged "overlay control"—*e.g.*, what it looks like and where and when it appears on Google's phones. *See id.* ¶ 130. Also lacking are allegations about "actuation of the overlay control." *See id.* Multifold instead "recit[es] the claim elements and merely conclud[es] that the accused product[s] ha[ve] those elements." *Bot M8*, 4 F.4th at 1353. In short, Google has no notice of how it allegedly performs one third of the requirements in the method claim.

Moreover, for *all three* method steps, Multifold relies on boilerplate "information and belief" pleading. D.I. 1 ¶ 130. But "[i]nformation and belief" pleading cannot save Multifold here given that "the requisite factual information" is not "peculiarly within" Google's control. *See McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016); *Novartis Pharms. Corp. v. Alembic Pharms. Ltd.*, No. 22-1395-RGA, 2023 WL 6387975, at *4 (D. Del. Sept. 29, 2023) (collecting cases where public availability of accused product precluded pleading on information and belief). The accused phones and accompanying documentation are publicly available, yet rather than obtain and inspect them for the presence of the claimed features, Multifold relies on speculation to fill the gaps in its Complaint. *See Raindance*, 2016 WL 927143, at *3 (dismissing complaint where there was no indication that plaintiffs analyzed defendant's

products "and not just its website"). Because Multifold alleges no facts connecting the asserted claim to the accused phones, Google lacks notice of what features and activities allegedly infringe.

Regardless, the law does not permit "boilerplate and conclusory allegations" even where "essential information lies uniquely within another party's control." *Novartis Pharms.*, 2023 WL 6387975, at *2 (cleaned up). "[P]laintiffs [still] have an obligation to 'accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'" *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1310, 1318 (3d Cir. 1997)). Multifold fails to do so, leaving Google to guess as to how it allegedly infringes. That is not sufficient. Multifold must "take the guesswork out of things by pleading facts that plausibly allege infringement." *N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 n.3 (D. Del. Nov. 16, 2017), *report and recommendation adopted*, 2018 WL 11182741 (D. Del. Jan. 3, 2018).

Counts VII and VIII fare no better. Both counts assert patents with claims directed to "displaying an icon" associated with an application and "modifying" or "morphing" the shape and size of the icon in response to receiving an input to indicate changed states of the application. D.I. 1 ¶¶ 165, 179. The Complaint makes no attempt to explain what the icon actually is and how it is allegedly present on Google's phones. Nor does the Complaint allege facts about how the accused phones—which are publicly available for sale—allegedly perform the actions of "displaying" and "modifying" the icon. Multifold could have at least included screenshots or images identifying an alleged "icon" and showing how it changes size in response to user input in order to provide a plausible allegation of infringement. Instead, sticking to the Complaint's formulaic nature, Multifold again parrots claim language, alleging simply that an open application "will show an icon that shows the application can be maximized" and, in response to "receiv[ing] user inputs,"

"chang[e]" the "size and shape" of the icon "to indicate that the application's display condition has changed." *Id.* ¶ 167; *see id.* ¶ 181. Those are not factual allegations; they are elements of the asserted claim. Such pleading is insufficient under *Iqbal*/*Twombly*. *See Iqbal*, 556 U.S. at 678. Indeed, courts in this District frequently dismiss complaints that simply recite claim language without explaining *how* the accused product meets it. *See, e.g.*, *Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. 19-1075-CFC-SRF, 2020 WL 4260616, at *3-4 (D. Del. July 23, 2020), *report and recommendation adopted*, 2020 WL 5077416 (D. Del. Aug. 27, 2020); *DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*, No. 19-2109-LPS-CJB, 2020 WL 2220031, at *2 (D. Del. May 7, 2020), *report and recommendation adopted*, 2020 WL 6867103 (D. Del. Nov. 23, 2020); *Blue Spike LLC*, 2019 WL 4242930, at *3-4; *N. Star Innovations*, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017); *Raindance*, 2016 WL 927143, at *2.

Counts X and XI continue the pattern of parroting claim limitations without supporting factual allegations. Both counts allege infringement of patents that refer to "images" of applications on "displays" of "screens," with the screens having first and second "configurable areas." D.I. 1 ¶¶ 206, 219. The asserted claims center on allowing and limiting input options in the first and second "configurable areas." *Id.* But Multifold never identifies what plausibly could be the "second configurable area," and ignores the requirements the claims place on the "second configurable area" (*e.g.*, "wherein no input options are displayed in a second configurable area of a second screen, wherein input is not allowed from the second configurable area . . ."; "wherein the second configurable area does not display content from an application . . ."; "changing the focus from the first image to the second" display or image). *Id.* ¶¶ 206, 208, 219, 221. All the Complaint does is identify basic components of any smartphone (displaying images and menus

and receiving inputs, such as taps on the screen) without connecting the other specific claim limitations to the accused products. That, again, is insufficient.

For Count XII, Multifold again relies on "information and belief" to satisfy its pleading obligations. The asserted patent requires displaying an "annunciator window . . . showing at least one of a device status, a connectivity status, and a messaging status . . . across a first portion of [a] first display and a second portion of [a] second display" and "modifying . . . the display of the annunciator window in response to a changed state . . . wherein the modified display of the annunciator window displays information selectively across the annunciator window." *Id.* ¶ 233. Multifold offers no factual explanation of how the claimed "annunciator window" is displayed across the alleged multiple displays of the Pixel Fold or how information is displayed "selectively across the annunciator window" when the display of the "annunciator window" is modified. *See id.* ¶ 235. Multifold's allegations against the flat, single-screen Pixel phones are even more egregious. In addition to the deficiencies identified above, Multifold altogether ignores the limitation requiring "placing the multi-display device in an open state," which is depicted in the specification as *two* screens oriented side-by-side, in contrast to easel, transition, or closed states. *Id.* ¶¶ 233, 236; *see, e.g.*, '135 Patent at 14:35-42, Fig. 3A.

### B.  Hardware Patents (Counts V and VI)

Counts V and VI similarly repeat claim limitations without supporting factual allegations. The two claims asserted in these counts concern hardware for folding a multiscreen device. *See* D.I. 1 ¶¶ 141, 152. In particular, each claim recites a "core member," which Multifold identifies as a hinge, and a separate "detaining member . . . positioned through a core member" comprising "an elastic element and one or more cams" that operate to "detain" each display at "one or more of pre-defined detaining locations" (*i.e.*, place the screens at specific angles relative to each other). *Id.* ¶¶ 141, 143, 152, 154. The "detaining member," including the "elastic element and one or

9

more cams," is distinct from the claimed "core member" and the "inner recesses." Despite these requirements, Multifold makes no effort to connect the claim limitations to the accused phones. Instead, the Complaint merely alleges in conclusory fashion that, "[u]pon information and belief," the accused products include a "detaining member . . . that is positioned through the hinge." *Id.* ¶¶ 143, 154. Had Multifold examined Google's publicly available phones, it might have included some allegations that at least attempt to tie the accused phones to the claim limitations. Or, more likely, Multifold would have readily discovered that the accused phones do not in fact contain a "detaining member" that operates to detain the displays at pre-defined angles. Regardless, because Multifold alleges no facts identifying what could plausibly be the claimed "detaining member," Google again must resort to "guesswork" to understand how it infringes elements of the asserted patents. *See N. Star Innovations*, 2017 WL 5501489, at *2 n.3.

\*   \*   \*

For all these reasons, the direct infringement claims for the eight patents asserted in Counts IV-VIII and X-XII should be dismissed.

**II.    Because the Complaint Fails to State a Claim of Direct Infringement, the Complaint Also Fails to State a Claim of Indirect Infringement For Counts IV-VIII and X-XII.**

Both induced and contributory infringement require that someone directly infringe the asserted patent. 35 U.S.C. § 271(b)-(c); *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) (induced); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (contributory). If there is no direct infringement, there can be no indirect infringement. Because Multifold has failed to plausibly allege direct infringement for Counts IV-VIII and X-XII, the corresponding induced and contributory infringement claims should be dismissed as well.

### III. The Complaint Fails to State a Claim of Contributory Infringement For All Counts.

Independent of Multifold's deficient direct infringement allegations, the contributory infringement claims for all counts are legally untenable and lack the required factual support. As a matter of law, those claims do not make sense because contributory infringement requires identifying a *component* that contributes to infringement in some other patented machine or process—yet Multifold simply points to the phones themselves. Factually, Multifold offers nothing to suggest that the accused phones have no substantial noninfringing uses. Indeed, the very references cited in the Complaint, and therefore properly considered on a motion to dismiss, prove the opposite—*i.e.*, that the accused phones have many substantial noninfringing uses. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("[A] document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." (internal quotation marks omitted)).

Contributory infringement "exists to protect patent rights from subversion by those who, without directly infringing the patent themselves, engage in acts designed to facilitate infringement by others." *Dawson Chem. Co. v. Rohm & Haas Co.*, 448 U.S. 176, 188 (1980). It requires proof that a party sells or offers to sell "a *component* of a patented machine, manufacture, combination or composition" that is material to practicing the patented invention, has no substantial noninfringing uses, and is known by the party to be especially made or adapted for an infringing use. 35 U.S.C. § 271(c) (emphasis added). Just as contributory infringement under section 271(c) is distinct from direct infringement under section 271(a), so too is a component distinct from an entire product. *See Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 449 n.11 (2007) ("'Component' is commonly defined as 'a constituent part,' 'element,' or 'ingredient.'"). A critical feature of contributory infringement is that the component alone does not infringe—hence the requirement that the component has no substantial noninfringing uses. *HSM Portfolio LLC v. Fujitsu Ltd.*, No.

11

11-770-RGA, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014). If the component itself infringed, it would not matter what other uses that component had—the component itself would give rise to a direct infringement claim. Thus, alleging contributory infringement based on the entire accused product, which itself is alleged to directly infringe, "do[es] not make legal sense." *Id.*; *see Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, No. 20-1197-LPS, 2021 WL 1785072, at *5 (D. Del. May 5, 2021), *report and recommendation adopted*, 2021 WL 5860783 (D. Del. Aug. 12, 2021).

Multifold, however, never identifies a component that does not infringe. Its allegations are all about how the accused phones, *i.e.*, the finished products, purportedly infringe. Multifold simply repeats, without factual support, the conclusory allegation that Google makes, sells, or offers to sell "one or more components of" the accused phones. D.I. 1 ¶¶ 96, 109, 123, 136, 147, 160, 174, 187, 201, 214, 228, 242, 255, 268, 281, 294. The Court should not credit Multifold's "conclusory statement," which equates to nothing more than a "threadbare recital[]" of an element of the cause of action. *Iqbal*, 556 U.S. at 678.

Multifold's contributory infringement claims fail for the additional and independent reason that its assertions that the accused phones have no substantial noninfringing uses are implausible. Noninfringing uses are "substantial" when they are "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009). Even in 2024, phones are still phones, and Multifold's own allegations make clear that the Pixel Fold still works while "closed" and can be used to make phone calls. This is clear from the Google Store links cited in the Complaint, which the Court may properly consider on a motion to dismiss. *See Schmidt*, 770 F.3d at 249; *cf. Daniels v. Solomon & Solomon P.C.*, 751 F. App'x 254, 257 (3d Cir. 2018) (refusing to consider a webpage because the webpage was neither referenced in the complaint nor attached to it). For example, Multifold cites links to

the Pixel Fold page on the Google Store, which advertises the Pixel Fold as "[a] full 5.8" Pixel phone when it's folded." *E.g.*, D.I. 1 ¶ 116 (citing https://store.google.com/product/pixel_fold?hl=en-US (last accessed on Feb. 8, 2024)). The accused phones can also take pictures, play music, and record videos and sound, among other things. *See, e.g., id.* (citing https://store.google.com/product/pixel_fold?hl=en-US, which advertises various features of the Pixel Fold (last accessed on Feb. 8, 2024)); *id.* ¶ 117 (citing https://store.google.com/product/pixel_8?hl=en-US, which advertises various features of the Pixel 8 (last accessed on Feb. 8, 2024)). None of these functionalities implicate the asserted patents.

Multifold ignores all this and instead relies on a boilerplate statement of the legal standard, as if the accused phones could perform nothing other than the claimed methods involving, among other things, images, icons, and input regions in configurable areas on displays across multiple screens. Courts routinely reject such boilerplate recitation of a cause of action, *see AgroFresh Inc. v. Essentiv LLC*, No. 16-662-MN-SRF, 2018 WL 6974947, at *6 (D. Del. Dec. 27, 2018), *report and recommendation adopted*, 2019 WL 350620 (D. Del. Jan. 29, 2019) (citing cases), and especially so where those recitations are *undermined* by allegations in the complaint itself as is the case here, *see In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1338-39 (Fed. Cir. 2012) (noting that accuser's "own allegations" indicated substantial noninfringing uses). This is not to say that Multifold must plead particular facts sufficient to prove a negative. But here, Multifold's own allegations undermine its boilerplate pleading. The ultimate question is whether the accused phones can be used for purposes *other than* infringement. *Bill of Lading*, 681 F.3d at 1338 (affirming dismissal of contributory infringement claims because the accused product was "interchangeably capable of both infringing and substantial non-infringing uses"). As set forth in the Complaint, Google's accused phones plainly can, and Multifold has not

13

pleaded facts tending to show otherwise.  Instead, Multifold has "pleaded itself out of court" by pleading facts that establish that Google's phones have substantial noninfringing uses.  *See Bot M8*, 4 F.4th at 1354 (noting a "fatal" inconsistency in the complaint); *see, e.g.*, D.I. 1 ¶¶ 116-17 (citing websites that show Google's phones have substantial noninfringing uses).  The contributory infringement claims for all counts should be dismissed.  *See Bill of Lading*, 681 F.3d at 1338.

## CONCLUSION

Google respectfully requests that the Court dismiss the direct and indirect infringement claims asserted in Counts IV-VIII and X-XII, and all contributory infringement claims.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Edward J. Bennett
Adam D. Harber
Andrew V. Trask
D. Shayon Ghosh
Andrew Hoffman
Adam Pan
Michael T. Zakrajsek*
Anna E. Searle
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC  20024
(202) 434-5000

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

*Admitted only in Texas; practice limited to matters before certain federal courts, arbitral tribunals, and certain government agencies pursuant to D.C. Court of Appeals Rule 49(c).

February 9, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 9, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Maliheh Zare, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 North King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Timothy K. Gilman, Esquire<br>Saunak K. Desai, Esquire<br>Gregory R. Springsted, Esquire<br>SCHULTE ROTH & ZABEL LLP<br>919 Third Avenue<br>New York, NY  10022<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)